**Jamin S. Soderstrom, Bar No. 261054**
jamin@soderstromlawfirm.com
**SODERSTROM LAW PC**
**3 Park Plaza, Suite 100**
**Irvine, California 92614**
**Tel:   (949) 667-4700**
**Fax:  (949) 424-8091**

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GRANT MCKEE, individually and on behalf of all others similarly situated,** | **Case No. 2:17-CV01941** |
| **Plaintiff,** | **CLASS ACTION COMPLAINT** |
| **v.** | |
| **AUDIBLE, INC. and AMAZON.COM, INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

**Complaint Filed:** _____
**Trial Date:      None Set**

## I.     NATURE OF THE ACTION

1.     Plaintiff Grant McKee brings this lawsuit on behalf of a proposed Class of consumers who find themselves trapped in a shell game created by the online audiobook seller Audible, Inc. (Audible), and its parent company Amazon.com, Inc. (Amazon) (collectively, Defendants). When he and other consumers signed up for an audiobook purchasing plan with Audible, styled a "membership," Mr. McKee and other consumers relied on Defendants' representations and believed that, on a monthly or annual basis, they would purchase a certain number of prepaid "credits" that could be redeemed with Audible for an equivalent number of audiobooks. Plaintiff and these consumers also believed Defendants' representations that "one credit equals one audiobook," that audiobook credits would "never expire," and that a member can cancel any time with "no strings attached." But Defendants' advertisements represent almost the exact opposite of how Audible membership plans really work.

2.     In reality, once members accrue a certain number of prepaid credits, their credits begin to expire to "make room" for new credits. Effectively, members stop receiving additional credits for their payments but are still charged as if they were. Members also forfeit all previously purchased credits if they ever cancel their plans. This makes Defendants' advertisements demonstrably false: one credit does not equal one audiobook; audiobook credits do expire; and a major string attached to cancelling a plan is complete and immediate forfeiture of all unredeemed, prepaid credits. Every expired or forfeited credit is a cash loss for the consumer and an equivalent cash windfall for Audible.

3.     Defendants' unlawful and unfair business practices do not stop there. Defendants lure consumers to sign up for Audible membership plans with an advertising tactic where members join for a free trial membership and a free audiobook credit but are then are charged in perpetuity thereafter according to an "automatic renewal" policy. But Audible and Amazon do not properly disclose to consumers all of the required "automatic renewal" payment and cancellation terms at the point of sale (e.g., the online "purchase"

box consumers are asked to click). As a result, Plaintiff and Class members have been charged regularly and automatically without being fully informed of the consequences and related cancellation policy as required by law.

4.     Defendants also include unconscionable and unlawful provisions in the terms and conditions of use they impose on consumers. For example, the terms imposed on Audible members authorize Audible to charge any credit card linked to a member's separate Amazon account if the credit card given directly to Audible is declined for any reason. Defendants assert this authorization and make such charges without notice, even if the other cards on the member's Amazon account belong to a non-Audible member (e.g., spouse, relative, friend, business). Based on this alleged authorization, potentially thousands of Amazon customers have had credit cards unlawfully charged by Audible without notice simply because they use a common Amazon account that stores information for multiple credit cards.

5.     Ultimately, there is no legal or business justification for Defendants' bait-and-switch tactics, which begin the moment a consumer first views their websites and which continue through cancellation of the consumer's membership plan. Plaintiff respectfully asks this Court to certify this lawsuit as a nationwide class action with specified subclasses; appoint him as class representative; appoint Soderstrom Law PC as class counsel; and award damages, restitution, and all other relief to which Plaintiff and class members are entitled.

## II.   PARTIES

### A.     Plaintiffs

#### i.       Named Plaintiff Grant McKee

6.     Grant McKee is a citizen of California and resident of Los Angeles County, California.

7.     Mr. McKee signed up for a Free Trial membership with Audible in June 2016, which gave him a free credit to redeem for an audiobook. After 30-days, he started purchasing a prepaid credit each month under an Audible "Gold Monthly" membership

plan. As a Gold Monthly plan member, Mr. McKee designated one credit card for Audible to charge for monthly payments of $14.95. His plan was automatically renewed each month, and the payments were charged to his credit card.

8.     Mr. McKee signed up for an Audible membership relying on Audible's and Amazon's marketing and advertisements, including representations that one credit equals one audiobook, his membership plan included one audiobook each month, credits do not expire, and there are no strings attached if he cancels his membership plan. Based on Audible's and Amazon's representations, Mr. McKee believed that, in exchange for his payments, he would accrue one credit each month and that each of these prepaid credits was the equivalent of purchasing an equal number of audiobooks. Mr. McKee made payments on his plan even though he never received full disclosure of Defendants' automatic renewal payment policy and cancellation policy.

9.     Mr. McKee redeemed multiple prepaid credits he purchased during his membership with Audible in exchange for audiobooks. However, he decided to cancel his Audible membership plan in December 2016 before he had redeemed all of the prepaid credits that he had accrued on his Audible account. Mr. McKee intended to redeem his two remaining prepaid credits as soon as he found a new audiobook that interested him. But upon cancelling his membership plan, he learned that—contrary to Audible's and Amazon's representations—the credits he had purchased but not yet redeemed had automatically and immediately expired and that, due to his cancellation, he had forfeited the money he paid for the credits without receiving audiobooks.

10.     Mr. McKee was not refunded any of the money he paid for unredeemed credits when he cancelled his membership plan.

11.     Mr. McKee's reliance on Defendants' representations caused him to maintain his Audible membership plan from June 2016 to December 2016. Defendants' false, misleading, and unfair representations have directly caused Mr. McKee to suffer harm because he would not have purchased or maintained his membership plan, or he would not have paid the same amount of money for his plan, had he known the truth

1  about Defendants' advertisements and related policies and practices.

2             **ii.**      **Unnamed Class Members**

3      12.    Plaintiff brings this action on behalf of thousands of consumers in California

4  and nationwide that are similarly situated and subject to Audible's and Amazon's same

5  unlawful advertisements, business practices, and online terms and conditions of use.

6      13.    Defendants'  business  records  contain  the  information  necessary  to

7  determine the specific facts and circumstances of class members' Audible membership

8  plans, the expiration or forfeiture of their prepaid credits, the unconscionable terms and

9  conditions imposed on them, and any unauthorized credit card charges.

10      **B.**    **Defendants**

11          **i.**      **Defendant Audible, Inc.**

12      14.    Audible, Inc. is a corporation formed and existing under the laws of the State

13  of Delaware, with its principal place of business in the State of New Jersey.

14      15.    Audible is a subsidiary of Amazon.

15      16.    Audible describes itself as a leading provider of spoken audio entertainment,

16  information,  and  educational  programming  on  the  Internet.  Audible  markets  and

17  advertises  its  audiobook  services  on  its  website—www.audible.com—among  other

18  places.

19          **ii.**      **Defendant Amazon.com, Inc.**

20      17.    Amazon.com, Inc. is a corporation formed and existing under the laws of

21  the State of Delaware, with its principal place of business in the State of Washington.

22      18.    Amazon is the parent corporation of Audible.

23      19.    Amazon markets and advertises Audible's services on Amazon's website—

24  www.amazon.com—among other places.

25  **III.**    **JURISDICTION AND VENUE**

26      20.    This Court has jurisdiction over the subject matter of this action under 28

27  U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity jurisdiction), and 1367

28  (supplemental jurisdiction).

21.     This Court also has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453, because the amount put in controversy by this class action exceeds $5,000,000, there are more than 100 proposed class members, and at least one member of the proposed class and one of the Defendants are citizens of different states (CAFA jurisdiction).

22.     This Court has personal jurisdiction over Defendants because (a) a substantial portion of the wrongdoing alleged in this Complaint took place in California, (b) both Defendants are authorized to do business in California, have sufficient minimum contacts with California, and have intentionally availed themselves of the markets in California through the promotion, marketing, and sale of products and services in California, and (c) the exercise of jurisdiction by this Court is permissible under traditional notions of fair play and substantial justice.

23.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2) because both Defendants have a significant presence in California and a substantial part of the events and omissions that give rise to Plaintiff's and Class members' claims occurred in this District. Venue is also proper under California Code of Civil Procedure section 395.5 and California Business and Professions Code section 17203.

## IV.   DEFENDANTS' WRONGFUL CONDUCT

### A.   Defendants' Misrepresentations

24.     Audible offers consumers so-called "membership plans" where consumers sign up for free and then start making monthly or annual payments in exchange for credits which they can later redeem for audiobooks.

25.     Across all of their advertising efforts, Defendants represent to consumers that:

   a.     Under any of the Audible membership plans, "one credit equals one audiobook";

   b.     An Audible membership plan "includes 1 audiobook each month";

   c.     "Membership credits do not expire as long as you have a

membership . . . and stored credits are 'rolled over' to your next billing cycle, either monthly or yearly"; and

d.   There are "no strings attached" if a consumer wants to cancel an Audible membership plan because "you can cancel anytime" and "your audiobooks stay in your Audible library" even after you cancel.

26.   Plaintiff and proposed Class members relied on the above representations and similar ones displayed on Defendants' websites, among other places, when signing up for membership plans and purchasing prepaid credits redeemable with Audible for audiobooks. And Defendants specifically and intentionally used these representations to induce consumers like Plaintiff to sign up for automatically renewing membership plans. But in Defendants' inconspicuous fine print, they concede that the plans do not work as advertised. Defendants' own words prove that their representations to consumers are demonstrably false or, at the very least, misleading and deceptive.

27.   Defendants represent to consumers that their credits will never expire, while stating the exact opposite in the fine print: "Once you have reached the roll over limit for your membership plan, your oldest credit(s) will expire in order for you to receive new credits." Defendants justify this policy by explaining that consumers "lose" their credits to "make room" for new credits. They further caution consumers (again in an inconspicuous disclosure) that "if you accrue too many credits and do not use them, you may lose some."

28.   But like any shell game, Defendants' justification is sleight-of-hand. Audible's storage of consumers' prepaid credits takes up no physical inventory space; accruing prepaid credits is purely a matter of digital accounting. Thus, Defendants' "use 'em or lose 'em" explanation is just a convenient, deceptive euphemism. Defendants use this explanation to avoid calling the prepaid credits what they really are: prepaid gift certificates or gift cards that are redeemable for audiobooks but that have unlawfully short expiration periods.

29.   Defendants likewise represent to consumers that there are "no strings

attached" to changing or cancelling a membership plan. Defendants do not explain up front, however, that membership credits <u>immediately expire</u> when consumers cancel their memberships (or when Audible cancels them itself). Audible simply notes in fine print that "membership credits do not expire as long as you have a membership . . . ." Defendants' practices seek to bind consumers to a perpetual membership plan while concealing the harsh consequences of cancellation: immediate and automatic expiration and forfeiture of all prepaid, unredeemed credits.

30.     These facts show how each of Defendants' advertisements is demonstrably false or, at a bare minimum, highly misleading and unfair. One credit **does not equal** one audiobook because a credit can expire before it is redeemed. Membership **does not include** one audiobook each month; rather, it includes a prepaid credit that can expire or be forfeited for various reasons. And at least **one major string** attached to the cancellation policy (a noose, really) is that a consumer forfeits all prepaid but unredeemed credits immediately and automatically simply by cancelling his or her membership plan.

31.     Defendants' representations and related practices wrongly compel consumers to continue paying for plans and prepaid credits that they no longer want or maintain a higher membership level than they would prefer (e.g., a "Platinum Monthly" membership wherein a consumer purchases two prepaid credits each month), under the threat of losing the credits for which they had already paid.

### B.     Defendants' Violations of Gift Card Laws

32.     Defendants further exploit consumers by attempting to circumvent state and federal laws governing the distribution of gift certificates or gift cards. Such laws either prohibit expiration dates outright or require gift cards and gift certificates to remain valid for at least five years.

33.     Audible purports to sell its members prepaid "credits" redeemable for audiobooks. But despite their label, Audible credits are actually subject to gift card or gift certificate laws because: they are redeemable only by Audible; they are issued in a

specified amount (e.g., "one credit equals one audiobook");[1] they are purchased by consumers on a prepaid basis in exchange for payment (e.g., a monthly or annual membership plan payment); and they are honored by Audible for audiobooks upon presentation of the credits by consumers.

34.     In violation of state and federal gift card laws, Audible's cancellation and "roll-over" policies cause prepaid credits to expire or be forfeited within months of purchase (and in some cases within days or hours depending on the timing of a consumer's membership cancellation notice). For example, if a Gold Monthly plan member pays for one credit every month but does not redeem any of his or her credits for seven months, the first unredeemed credit expires at seven months to "make room" for a new credit that appears in the member's account. If the member does not redeem any of his or her credits for 12 months, the first six credits will automatically expire and can never be redeemed for an audiobook. The Gold Monthly member is limited to only accruing six credits in his or her account regardless of how many credits he or she pays for. A member whose first credit expired will have lost $14.95, and a member whose first six credits expired will have lost $89.70. Audible keeps those same amounts as windfall profits.

35.     Similarly, if a plan member changes or cancels his or her plan, any prepaid credits the member has accrued are immediately and automatically forfeited. Audible does not refund unredeemed credits upon cancellation. Thus, even if a consumer cancels her membership plan the day after she purchases a new credit, that new credit expires after being in the consumer's account for only one day. In Mr. McKee's case, his prepaid credits automatically expired within one week and six weeks from their dates of purchase, respectively, when he cancelled his plan.

36.     Like Defendants' other misrepresentations concealing key facts about Audible's plans, Audible uses the label of "credit" to conceal what is otherwise an

---

[1] Audible actually has two tiers of audiobooks: those redeemable for one credit, and others redeemable for two credits.

illegal gift card scheme.

## C.   Defendants' Insufficient Disclosures

37.   Audible and Amazon try to get consumers to sign up for and continue paying for membership plans indefinitely whether or not members ever redeem their prepaid credits for audiobooks. Many of Defendants' advertisements offer one free month of membership—and one free audiobook credit—before a consumer is ever charged for a plan. In this way, Audible obtains consumers' credit card information up front and relies on consumer inertia (i.e., the low likelihood a consumer takes the time to cancel a plan that started for free) to let it start and keep charging the consumers' credit cards every month or year thereafter in perpetuity until the consumers affirmatively cancel their plans.

38.   In violation of state law, however, Audible and Amazon do not present consumers with the automatic renewal payment terms in a clear and conspicuous manner or in close visual proximity to the "purchase your order" box consumers are asked to click to confirm their consent to sign up for a membership plan. More specifically, consumers are not:

  a. told that the credit card they provide to sign up for a membership plan will automatically be charged every month in perpetuity;

  b. told that Audible claims the right to access and charge, without notice, any credit card (theirs or someone else's) linked to a separate Amazon account if the credit card they give directly to Audible is declined for any reason, nor are they told that the other credit card will continue to be charged automatically for future payments;

  c. provided sufficient "automatic renewal" language in text that is larger than surrounding text, in contrasting type, font, or color, or otherwise set off from the surrounding text;

  d. affirmatively asked to assent to material cancellation terms that cause them, among other things, to forfeit all prepaid, unredeemed credits

if they cancel their membership plan; or

e.    provided an appropriate acknowledgement of the relevant terms, policies, and related information in a form that is easily retained by the consumer.

39.    Instead of providing these crucial disclosures, Audible and Amazon make vague and inconspicuous references to membership continuing at the price of "$14.95/month" after an initial free trial period, and they suggest that members can easily "cancel anytime" (presumably without a penalty) simply by "visiting" their online account.

40.    Defendants' acts and practices constitute intentional concealment and withholding of material payment and cancellation terms in violation of state law. Moreover, Defendants' insufficient disclosures have caused Plaintiff and thousands of other consumers to rely to their detriment on incomplete information and disclosures when making their sign up and purchasing decisions.

**D.    Defendants' Unlawful Credit Card Policies**

41.    Finally, Defendants' unfair practices are not limited solely to Audible members. Audible also brazenly asserts in its online fine print the right to access and charge credit cards that a member never gave to it and that are not necessarily even owned by the member.

42.    Audible declares in fine print that if a consumer's credit card is "declined for any reason," Audible may access and charge "any payment instrument on file with [the consumer's] Amazon account," i.e., any credit card linked to the consumer and stored by Amazon.

43.    This means Audible asserts a right (in collusion with its parent company Amazon) to access and charge **<u>any credit card</u>** stored in a member's separate Amazon account, including credit cards that have never been given to Audible and credit cards that are not even owned by the Audible member. Many Audible consumers store multiple credit cards with Amazon for convenience and share their Amazon accounts with

spouses, parents, kids, roommates, friends, or companies. According to Audible and Amazon (and possibly many other Amazon subsidiaries and affiliates), any credit cards stored on an Amazon account are fair game. This results in a modern form of conversion that is unlawful nationwide and that affects unsuspecting consumers like Plaintiff without notice.

## V.  CLASS ACTION ALLEGATIONS

44.   Plaintiff brings this case as a proposed nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Class and Subclasses. Plaintiff reserves the right to amend the following definitions before the Court determines whether class certification is appropriate or thereafter upon leave of Court.

**Proposed Class**

All individual consumers in the United States who have been charged for an Audible membership plan at any time within four years from the date this Class Action Complaint was filed.

**Proposed False Advertising Subclass**

All individual consumers in the United States who paid for an Audible membership plan in reliance on Defendants' representations regarding credits, credit expiration/forfeiture, credits equaling audiobooks, or membership cancellation.

**Proposed Unlawful Gift Certificate Subclass**

All individual consumers in the United States who paid for an Audible membership plan and received a credit that was capable of expiring within five years from the date of purchase.

**Proposed Expired or Forfeited "Credits" Subclass**

All individual consumers in the United States who paid for an Audible membership plan and received a credit that expired based on a roll-over policy or a cancellation policy.

<u>**Proposed Unlawful Automatic Renewal Payments Subclass**</u>

All individual consumers in California who paid for an Audible membership plan and whose payment method was subject to Audible's automatic renewal payment policy.

<u>**Proposed Unlawful Amazon Credit Card Charges Subclass**</u>

All individual consumers in the United States, whether or not they were an Audible member, who had a payment method on account with Amazon that was charged by Audible because the payment method provided directly to Audible was declined.

45.    Excluded from the proposed Class and Subclasses are Audible and Amazon and their parents, subsidiaries, affiliates, officers, directors, and current and former employees; all individuals who make a timely election to be excluded from this proceeding using the correct opt-out protocol; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

46.    **Numerosity**. The members of the proposed Class and Subclasses are so numerous that joinder is impracticable. Thousands of consumers in California and throughout the United States have relied on Audible's and Amazon's representations, purchased Audible plans and credits during the relevant period, and therefore have been subjected to and harmed by Defendants' unlawful acts. The number and identity of individuals who fall within the proposed Class and Subclass definitions are easily identifiable and ascertainable based on Defendants' business records.

47.    **Commonality and Predominance**. Common questions of law or fact that will drive the resolution of this case include, but are not limited to:

a.    Whether Defendants made false, misleading, deceptive, untrue, or unfair statements in their advertisements related to membership plans,

credits, cancellation, automatic renewal payments, and credit card charges;

b.   Whether Audible credits are governed by gift certificate or gift card laws;

c.   Whether Audible's credit expiration and forfeiture policies comply with relevant laws;

d.   Whether Defendants' automatic renewal payment policies and cancellation policies are properly disclosed to consumers; and

e.   Whether Defendants' practice of accessing and charging any credit card stored on an Amazon account whenever an Audible member's default payment method is declined is authorized by the credit card holder's informed consent.

48.   In addition to the common questions of law and fact that will drive this case, Defendants engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced by Plaintiff and proposed Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved in this case and are applicable to Plaintiff and most, if not all, of the proposed Class and Subclass members. Any individual questions that may arise in this case will pale in comparison to the numerous common questions.

49.   **Typicality**. Plaintiff's claims are typical of the proposed Class and Subclass members' claims because:

a.   Plaintiff and proposed Class members are subject to and detrimentally relied on Defendants' uniform advertisements and related representations;

b.   Plaintiff and proposed Class members are harmed by Audible's uniform policy that causes credits to expire or be forfeited without a refund;

c.   Plaintiff and proposed Class members are prevented from obtaining

14

the full value of their prepaid credits;

d.   Plaintiff and proposed Class members are subject to Defendants' uniform automatic renewal payment terms, policies, and disclosures;

e.   Plaintiff and proposed Class members are subject to Defendants' uniform policies concerning accessing and charging credit cards;

f.   Defendants are unjustly enriched by Plaintiff's and proposed Class members' purchases, the expiration and forfeiture of credits, and charging credit cards without authorization; and

g.   Plaintiff's and proposed Class members' injuries flow from a common nucleus of operative facts, can be determined from Defendants' business records, and can be calculated in an identical or substantially similar manner.

50.   Given the similar nature of Plaintiff's and proposed Class members' claims, and given the absence of material differences in the relevant statutes and common laws on which the claims are based, a nationwide Class and various Subclasses may be easily managed by the Court and the parties.

51.   **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of all proposed Class and Subclass members. Moreover, Plaintiff has retained counsel experienced in complex commercial litigation and consumer class actions, and Plaintiff and his counsel intend to prosecute this action vigorously. Plaintiff has no interests that are adverse or antagonistic to those of the Class members. Plaintiff's claims are typical of Class members' claims, and all Class members have been similarly affected by Defendants' unlawful conduct.

52.   **Ascertainability**. Defendants sell membership plans and prepaid credits through their websites and have collected detailed personal and financial information associated with each transaction. Accordingly, the precise number and identity of Class and Subclass members can easily be determined by reference to Defendants' business records. As such, Class and Subclass members are easily ascertainable and can be

personally notified of the pendency of this action by first class mail, electronic mail, and/or published notice calculated to reach all such members.

53. **Superiority of a Class Action**. The proposed Class and each of the proposed Subclasses should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure because:

a. Prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendants;

b. Prosecution of separate actions by individual Class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other Class members who are not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

c. Individualized litigation would increase the delay and expense to all parties and the court system from the issues raised by this action; by contrast, the class action procedure provides the benefits of adjudicating these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and it presents no unusual management difficulties;

d. Unless a class-wide injunction is issued, Defendants will continue to commit the violations described herein, and the members of the Class and the general public will continue to be misled and injured;

e. Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis, making the class action procedure superior to alternative means of prosecution; and

f. Defendants have acted and failed to act on grounds generally

applicable to Plaintiff and Class members, thereby supporting the imposition of uniform relief to ensure compatible standards of conduct toward all Class members.

54.    For these reasons, this case should be certified as a nationwide class action.

## VI.    CAUSES OF ACTION

### First Cause of Action

### Violation of the Lanham Act, 15 U.S.C. § 1125

55.    All of the foregoing paragraphs are incorporated herein.

56.    Defendants have both engaged in false, misleading, deceptive, unfair, and untrue advertising and marketing tactics that Plaintiff and Class members have relied on to their detriment.

57.    The specific advertisements and related statements and representations made by Defendants and relied on by Plaintiff and Class members include, but are not limited to:

    a.    The representation that "one credit equals one audiobook;"

    b.    The representation that membership "includes 1 audiobook each month;"

    c.    The representation that prepaid credits "do not expire;" and

    d.    The representation that there are "no strings attached" to cancelling a membership plan and consumers can "cancel anytime."

58.    Defendants have made these representations on their websites, among other places. Defendants intentionally used in commerce the representations described above. These representations were representations of fact used in commercial advertising or promotion. These representations misrepresent the nature, characteristics, and qualities of Audible's services. Accordingly, these representations each constitute a false and misleading advertisement under the federal Lanham Act, 15 U.S.C. § 1125(a).

59.    In addition to the specific representations described above which are literally false as well as grossly misleading, Defendants' false and misleading

17

1   representations include but are not limited to other representations regarding: (i) the use
2   and value of prepaid credits sold as part of an Audible membership plan; (ii) the terms of
3   expiration and/or forfeiture of prepaid credits; and (iii) the terms of cancellation of a
4   consumer's membership plan.

5        60.    These representations actually deceived Plaintiff and Class members, and
6   they have a tendency to deceive a substantial segment of consumers nationwide. These
7   representations are material because they influenced Plaintiff's and Class members' sign-
8   up and purchasing decisions. Defendants caused these representations to enter interstate
9   commerce via the Internet and other advertising means and methods.

10        61.    Plaintiff and other Class members have been injured as a result of these
11   representations.

12        62.    Plaintiff, individually and on behalf of all Class members similarly situated,
13   seeks an injunction and any other necessary orders or judgments that will prevent
14   Defendants from continuing with their false and misleading representations, including
15   but not limited to an order requiring corrective advertising and restitution. He also seeks
16   disgorgement of Defendants' profits, an award of all damages suffered, an award of the
17   costs of the action, treble damages, and attorneys' fees.

18   **<u>Second Cause of Action</u>**

19   **Violation of False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.***

20        63.    All of the foregoing paragraphs are incorporated herein.

21        64.    Defendants have intentionally made and disseminated statements to
22   Plaintiff, Class members in California, and the general public concerning Audible's
23   services, as well as circumstances and facts connected to such services, which are untrue
24   and misleading, and which are known (or which by the exercise of reasonable care should
25   be known) to be untrue or misleading. Defendants have also intentionally made or
26   disseminated such untrue or misleading statements to Plaintiff, Class members in
27   California, and the public as part of a plan or scheme with intent not to sell those services
28   as advertised.

65.    Defendants' statements include but are not limited to representations regarding (i) the use and value of prepaid "credits" sold to consumers as part of an Audible "membership plan," (ii) the terms of expiration and/or forfeiture of prepaid "credits," and (iii) the terms of cancellation of a consumer's "membership plan." Specifically, the representations that "one credit equals one audiobook," membership "includes 1 audiobook each month," credits "do not expire," and members may "cancel anytime" with "no strings attached" constitute false and deceptive advertisements under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (FAL).

66.    Plaintiff was deceived by Defendants' statements, and there is a strong probability that Class members in California and members of the public were also or are likely to be deceived as well. Indeed, any reasonable consumer would be misled by Defendants' false and misleading statements.

67.    Plaintiff, individually and on behalf of all Class members in California, seeks an injunction and any other necessary orders or judgments that will prevent Defendants from continuing with their false and deceptive advertisements; restitution that will restore the full amount of their money or property; and disgorgement of Defendants' relevant profits and proceeds. Plaintiff also seeks an award of costs and reasonable attorneys' fees.

### **Third Cause of Action**

### **Violation of the CARD Act and EFTA, 15 U.S.C. § 1693*l*-1(a)(2)(B)**

68.    All of the foregoing paragraphs are incorporated herein.

69.    The federal Credit Card Accountability Responsibility and Disclosure Act, 15 U.S.C. § 1693*l*-1(a)(2)(B) (CARD Act), which amends the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693 (EFTA), prohibits the sale or issuance of gift certificates or gift cards that feature and are subject to expiration dates that are earlier than five years after the date on which a gift certificate or gift card is issued.

70.    Defendants market Audible "membership plans" and Audible sells "credits"

which, both in form and substance, constitute "gift certificates" or "store gift cards" as defined by the CARD Act, 15 U.S.C. §1693l-1(a)(2)(B) and (C), because:

      a.    Audible credits are redeemable only by Audible;

      b.    Audible credits are issued in a specified amount, e.g., "one credit equals one audiobook;"[2]

      c.    Audible credits are purchased by consumers on a prepaid basis in exchange for payment, e.g., a monthly or annual membership plan payment; and

      d.    Audible credits are honored by Audible for audiobook services upon presentation of the credits by consumers.

71.     Defendants' sale of Audible credits violates the CARD Act because the credits can expire or be forfeited earlier than five years after they are sold to a consumer. For example, a consumer like Mr. McKee who purchases a Gold Monthly membership plan can have his prepaid credits start expiring within seven months if he has not redeemed any credits for an audiobook during the first six months of his membership. Instead of making it clear that prepaid credits will expire if not redeemed within six months, Audible euphemistically and misleadingly calls the process a "roll over" policy. Other membership levels have similar expiration terms, all of which end earlier than five years from the date a prepaid credit is purchased.

72.     In fact, based on Audible's cancellation policy, all prepaid credits are capable of expiring or being forfeited immediately after being purchased. For example, the credits that expired or were forfeited when Mr. McKee cancelled his plan had been purchased approximately one week and six weeks before.

73.     Audible admits on its website that prepaid credits can only be applied to the purchase of an Audible audiobook and that prepaid credits **will expire** within a set

---

[2] Audible actually maintains two tiers of audiobooks: those that can be redeemed for one credit, and those that can be redeemed for two credits.

1    number of months of purchase based on the applicable roll-over policy, or immediately
2    upon a consumer's cancellation of plan membership.

3         74.    Audible plans and credits are sold and issued to consumers through
4    electronic fund transfer systems established, facilitated, and monitored by Audible (and
5    in certain cases Amazon). Prepaid credits are issued in electronic form. Audible provides
6    an electronic means by which consumers can access their Audible accounts, view and
7    redeem their credits, and download and listen to Audible audiobooks. The Audible
8    prepaid credits underlying this lawsuit are issued and used independent of a loyalty,
9    award, or promotional program. Audible markets and sells its prepaid credits to the
10   general public throughout the United States.

11        75.    Additionally, under the regulations implementing the CARD Act and EFTA,
12   no person may sell or issue gift certificates with expiration dates unless there are policies
13   and procedures in place to provide consumers with a reasonable opportunity to purchase
14   a certificate with at least five years remaining until the certificate expiration date. *See* 12
15   C.F.R. § 205.20(e)(1). Defendants thus further violate the CARD Act and EFTA by
16   failing to provide consumers with a reasonable opportunity to purchase credits with five
17   years remaining until the expiration date.

18        76.    Because of their unlawful acts and conduct, Defendants have deprived
19   Plaintiff and all Class members of the use of the money Defendants have collected
20   through the sale of credits with illegal expiration dates.

21        77.    As authorized by 15 U.S.C. § 1693m, Plaintiff, on behalf of himself and all
22   Class members, seeks actual and statutory damages to be determined by the Court,
23   injunctive relief, the cost of this action, reasonable attorneys' fees, and all other available
24   relief.

25                              **Fourth Cause of Action**

26        **Violation of Gift Certificate Law, Cal. Civ. Code § 1749.45 *et seq.***

27        78.    All of the foregoing paragraphs are incorporated herein.

28        79.    Defendants' sale and issuance of Audible membership plans and prepaid

credits to consumers in California violate California's Gift Certificate Law, Cal. Civ. Code § 1749.45 *et seq.*, which prohibits sale of a gift certificate (including a gift card) subject to an expiration date.

80.    Defendants advertise and sell Audible membership plans and credits to consumers in California, including Plaintiff and Class members.

81.    Defendants violate California's Gift Certificate Law by selling and issuing and/or agreeing to sell and issue to Plaintiff and Class members in California "credits" that, in both form and substance, constitute gift certificates with explicit and implicit expiration dates. The explicit dates are governed by Audible's "roll-over" policy; the implicit dates are governed by Audible's cancellation policy. The fact that Audible credits can expire harms Plaintiff and Class members in California in several ways, including by forcing them to either redeem their credits on an expedited schedule or forfeit their credits without any refund.

82.    As a result of Audible's unlawful acts and conduct, Plaintiff and Class members in California have been deprived of the use of their money that was charged and collected by Defendants through the sale of Audible membership plans that provided prepaid credits with illegal expiration dates.

83.    Plaintiff, on behalf of himself and Class members in California, seeks compensatory damages, including actual and statutory damages, injunctive and declaratory relief, the cost of this action, and reasonable attorneys' fees.

### Fifth Cause of Action

### Violation of California's Automatic Purchase Renewals Law

### Cal. Bus. & Prof. Code § 17600 *et seq.*

84.    All of the foregoing paragraphs are incorporated herein.

85.    Defendants impose "automatically renewable" monthly or annual payment terms on Audible members. Consequently, under California's Automatic Purchase Renewals Law, Audible and Amazon are required to disclose such terms, and any related terms such as a cancellation policy, to consumers in a clear and conspicuous manner

when the consumer is making his or her purchase decision (e.g., clicking the "purchase your order" box). Plaintiff and Class members rely on such disclosures (or lack thereof) when making their purchasing decisions.

86.   When they sign up for an Audible membership plan, Plaintiff and other similarly situated consumers are not:

a.   expressly told that the credit card they use to set up the membership plan will automatically be charged every month (or annually) in perpetuity;

b.   expressly informed that any credit card attached to the consumers' separate Amazon accounts can be charged automatically and in perpetuity without notice if the payment method given directly to Audible is declined for any reason;

c.   provided sufficient "automatic renewal" language in a clear and conspicuous manner using text that is larger than surrounding text, in contrasting type, font, or color, or otherwise set off from the surrounding text;

d.   expressly informed of the cancellation policy which provides that they will forfeit all unredeemed credits if they decide to cancel their membership;

e.   affirmatively asked to consent to relevant terms and conditions, such as cancellation terms, which Defendants only provide passively and inconspicuously elsewhere on their websites;

f.   provided notice of any changes to the underlying terms during the course of their membership; or

g.   provided all of the relevant disclosures, representations, and other terms in a tangible form that they can easily store.

87.   Defendants' failure to disclose all required terms and information to

88.   Plaintiff and Class members in California violates California's Automatic

23

89.     Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq.*

90.     Consequently, Plaintiff, individually and on behalf of all Class members in California, seeks an order enjoining Defendants' unlawful automatic renewal payment policies and practices; actual damages; restitution of their membership plan payments; the cost of this action; reasonable attorneys' fees; and all other available relief.

## Sixth Cause of Action

### Conversion

91.     All of the foregoing paragraphs are incorporated herein.

92.     All consumers who establish an account with Amazon, whether or not they are Audible members, have clear legal ownership and/or right to possession and exclusive use of the credit cards they provide to Amazon and store on their Amazon account.

93.     Defendants have colluded and conspired to interfere intentionally and substantially with Plaintiff's and other Class members' rights related to owning, possessing, and using their credit cards.

94.     Amazon provides Audible with access to all credit cards stored by an Audible member on his or her separate Amazon account. Any time a credit card a consumer gives to Audible for payment is declined for any reason, Audible accesses the credit cards stored on the member's separate Amazon account. Audible then selects and charges one of the credit cards stored on the Amazon account and charges it for the Audible payment immediately and without notice to the member or card holder. Such charges continue under the automatic renewal payment policy until the consumer and/or cardholder takes some affirmative action (e.g., provides a new credit card to Audible or cancels his or her membership plan). Defendants claim authorization to provide such access and make such charges based on fine print buried and never conspicuously and directly disclosed to Audible consumers or others who share the same Amazon account on which they store credit card information.

95.     Audible's and Amazon's actions have actually and substantially interfered with the ownership and possession of such credit cards.

96.     Neither Audible nor Amazon obtained Plaintiff's or Class members' express or implied consent or authorization to make such charges on credit cards that were not provided directly to Audible for purposes of making membership plan payments.

97.     Plaintiff and other Class members have suffered harm in the amount charged on credit cards that were stored by Amazon but never given to Audible for payment. Audible's and Amazon's actions directly caused such harm.

98.     Plaintiff, individually and on behalf of all Class members similarly situated, seeks an injunction and any other necessary orders or judgments that will prevent Defendants from continuing to allow access to and charges to be made on credit cards stored on a consumer's Amazon account but not given directly to Audible for payment; damages in an amount that would fully compensate them; restitution that restores the full amount of their money or property; and disgorgement of Defendants' related profits and proceeds.

### Seventh Cause of Action

### Violation of Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

99.     All of the foregoing paragraphs are incorporated herein.

100.     Defendants have violated California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (CLRA) in multiple ways.

101.     **False and Misleading Advertising.** Defendants, through their use of the representations described above and below, have engaged in unfair and deceptive acts and practices that constitute false and misleading advertising under the CLRA.

102.     The unlawful acts and practices include but are not limited to representations regarding (i) the use and value of prepaid "credits" sold to consumers as part of an Audible "membership plan," (ii) the terms of expiration and/or forfeiture of prepaid "credits," and (iii) the terms of cancellation of a consumer's "membership plan." Specifically, the representations that "one credit equals one audiobook," membership "includes 1 audiobook each month," credits "do not expire," and members may "cancel

anytime" with "no strings attached" constitute false and misleading advertising, and Defendants violate the CLRA by:

a. Representing that Audible's and Amazon's services have characteristics, uses, and benefits which they do not have, in violation of Section 1770(a)(5);

b. Representing that Audible's and Amazon's services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another, in violation of Section 1770(a)(7);

c. Advertising Audible's and Amazon's services with intent not to sell them as advertised, in violation of Section 1770(a)(9);

d. Representing that a transaction with Amazon and/or Audible confers or involves rights, remedies, or obligations which it does not have or involve, in violation of Section 1770(a)(14);

e. Representing that the subject of a transaction with Amazon and/or Audible has been supplied in accordance with a previous representation when it has not, in violation of Section 1770(a)(16); and

f. Representing that the consumer will receive a rebate, discount, or other economic benefit from Amazon and/or Audible, when the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction, in violation of Section 1770(a)(17).

103.   Audible's and Amazon's acts and practices were intentional.

104.   Plaintiff and all Class members in California relied on these advertisements and related statements to their detriment and suffered damages as a result.

105.   **Unlawful Gift Certificates or Gift Cards.** As alleged above, Audible's prepaid "credits" constitute illegal gift certificates or gift cards under the federal CARD Act and under California's Gift Certificate Law.

106.   The same provisions which provide for an unlawful expiration date on all credits purchased by Plaintiff and other Class members in California also violate the CLRA because such terms and provisions:

    a.    Represent that Audible's and Amazon's services have characteristics, uses, and benefits which they do not have, in violation of Section 1770(a)(5);

    b.    Advertise Audible's and Amazon's services with intent not to sell them as advertised, in violation of Section 1770(a)(9);

    c.    Represent that the membership plan transaction confers or involves rights, remedies, or obligations which are prohibited by law, in violation of Section 1770(a)(14); and

    d.    Constitute unconscionable contractual provisions, in violation of Section 1770(a)(19).

107.   Audible's and Amazon's acts and practices were intentional.

108.   Plaintiff and all Class members in California suffered harm as a result of Defendants' sale and issuance of credits that, in both form and substance, constitute illegal gift certificates or gift cards. The harm includes having credits expire or be forfeited, being compelled to maintain a more expensive membership plan to avoid losing prepaid credits, and being compelled to use credits on a shorter time frame than otherwise preferred.

109.   **Prohibited and unconscionable terms.** Defendants' prepaid credit expiration or forfeiture policies, as well as their credit card access and charging policy, also violate Section 1770(a)(14) and Section 1770(a)(19) of CLRA because they constitute terms and conditions that are unconscionable and prohibited by law.

110.   Specifically, under Audible's fine print terms and conditions, when Plaintiff and other consumers cancel an Audible plan before they have redeemed all of their prepaid credits, all such credits expire automatically and immediately and all money paid for such credits is forfeited without a refund.

111.   Defendants' forced expiration or forfeiture of all unused prepaid credits immediately upon cancellation of a membership plan without a full or partial refund is a prohibited and unconscionable term.

112.   Similarly, the policy where Amazon permits access to credit cards stored by consumers on Amazon's system and Audible charges such credit cards even though members never provided them to Audible directly is a prohibited and unconscionable term.

113.   Plaintiff and all Class members in California each suffered harm as a result of Defendants' use of prohibited and unconscionable terms and conditions of use and related policies.

114.   Under Sections 1780 and 1781 of the CLRA, Plaintiff, individually and on behalf of all California Class members similarly situated, seeks to recover or obtain actual damages; an order enjoining Audible's and Amazon's unlawful methods, acts, and practices; restitution of membership plan payments; punitive damages; costs and reasonable attorneys' fees; and any other relief that the Court deems proper.

115.   Plaintiff has given Defendants written notice by certified mail, return receipt requested, directed to the addresses provided by Audible and Amazon in their online terms and conditions, of the alleged violations of Section 1770 of the CLRA and demanded that Defendants correct or otherwise rectify the services alleged to be in violation of Section 1770. *See* <u>Exhibit A</u>. However, Defendants have not identified or made a reasonable effort to identify all similarly situated consumers; they have not notified such consumers that they will correct or otherwise remedy the unlawful acts and practices upon request; they have not agreed to make such correction or offer such remedy within a reasonable time; and they have not ceased from engaging in the unlawful acts and practices.

116.   Concurrently with the filing of this Complaint, Plaintiff has filed an affidavit in support of this Complaint stating facts showing that the action has been commenced

in a county or judicial district that constitutes a proper place for the trial of this action. *See* Exhibit B.

### Eighth Cause of Action

### Violation of California's Unfair Competition Law (UCL),

### Cal. Bus. & Prof. Code § 17200 *et seq.*

117.   All of the foregoing paragraphs are incorporated herein.

118.   Defendants have engaged in unlawful, unfair, and fraudulent business acts and practices, and unfair, deceptive, untrue, and misleading advertising that constitute false and misleading advertising under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (UCL).

119.   These unlawful acts, practices, and advertisements include but are not limited to representations regarding (i) the use and value of prepaid "credits" sold to consumers as part of an Audible "membership plan," (ii) the terms of expiration and/or forfeiture of prepaid "credits," and (iii) the terms of cancellation of a consumer's "membership plan." Specifically, the representations that "one credit equals one audiobook," membership "includes 1 audiobook each month," credits "do not expire," and members may "cancel anytime" with "no strings attached" all violate the UCL.

120.   These unlawful acts and practices also include (i) selling and issuing credits which constitute unlawful gift certificates or gift cards, (ii) utilizing unlawful automatic renewal payment policies, and (iii) providing access and making unauthorized charges to credit cards stored on Amazon's system but not provided by consumers directly to Audible.

121.   Defendants' acts, practices, and advertisements were intentional.

122.   Plaintiff and Class members in California each relied on these statements to their detriment, each suffered actual injuries, and each lost money or property as a result. This harm includes but is not limited to being deceived into purchasing or maintaining a membership plan, having credits expire or be forfeited, being compelled to maintain a more expensive membership plan to avoid losing prepaid credits, being compelled to use

credits on a shorter time frame than otherwise preferred, being subject to automatically renewed credit card charges without full disclosure of relevant terms and conditions, and having credit cards other than the one provided directly to Audible be accessed and charged.

123.   Plaintiff, individually and on behalf of all Class members in California similarly situated, seeks an injunction and any other necessary orders or judgments that will prevent Defendants from continuing with their unlawful acts, practices, and advertisements; restitution that restores the full amount of their money or property; and disgorgement of their related profits and proceeds. Plaintiff also seeks an award of costs and reasonable attorneys' fees.

<u>**Ninth Cause of Action**</u>

**(Restitution, Unjust Enrichment, and Money Had and Received)**

124.   All of the foregoing paragraphs are incorporated herein.

125.   Alternatively to the claims stated above, Plaintiff and Class members are equitably entitled to recover from Defendants based on Defendants' inequitable and deceptive acts and practices that included falsely advertising the benefits and cancellation terms of Audible membership plans and credits, forcing consumers to forfeit the value of prepaid credits, failing to disclose the automatic renewal payment policies, and charging unauthorized credit cards of Audible and non-Audible members alike.

126.   Plaintiff and Class members conferred specific economic benefits upon Defendants in the form of payments for credits and for refraining from cancelling or reducing the level of membership plans. Defendants knowingly accepted and retained such benefits, but they failed to provide the products and services as advertised and as required by law. Plaintiff and Class members expected to receive the products and services as advertised and not be subjected to unlawful terms, conditions, policies, and practices.

127.   Defendants were unjustly enriched by the benefits they received from Plaintiff and Class members, and it would be unjust and unconscionable to permit

Defendants to be so enriched and continue to be enriched in the future. Defendants should therefore be required to disgorge all amounts that they have been unjustly enriched, and Plaintiff and Class members should recover such amounts, with interest, as restitution.

128.   Alternatively, Defendants owe Plaintiff and similarly situated Class members money in the amount that was charged on any credit card that was stored on an Amazon account but never given directly to Audible or another Amazon subsidiary or affiliate for authorized payments under the common count of money had and received. Defendants received money from Plaintiff and similarly situated Class members and such money was intended to be used for the benefit of Plaintiff and similarly situated Class members. But the money Defendants received was not used for the benefit of Plaintiff and similarly situated Class members; rather, it was used for Defendants' own benefit to obtain unauthorized payment for a product or service that may not have even been requested or purchased by the credit card holder. Defendants have not returned the amount of money charged without authorization on Plaintiff's and similarly situated Class members' credit cards.

129.   Plaintiff, individually and on behalf of all Class members similarly situated, seeks an injunction and any other necessary orders or judgments that will prevent Defendants from continuing to allow access to and charges on credit cards stored on a consumer's Amazon account but not given directly to Audible or another Amazon subsidiary or affiliate for payment; restitution that restores the full amount of their money or property; and disgorgement of Defendants' related profits and proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all proposed Class members, request the following relief against Defendants:

(1)   Certification of this action as a class action under Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative and Soderstrom Law PC as class counsel;

(2)   An award of actual, consequential, and punitive damages to Plaintiff and

(3) Class members in an amount sufficient to make them whole, compensate them for all harm, and punish and deter Defendants' wrongful conduct;

(4) An award of restitution and/or disgorgement of profits and revenues to make Plaintiff and Class members whole and to avoid unjust enrichment by Defendants;

(5) An award of declaratory and injunctive relief stating that Defendants' acts and practices are unlawful and requiring corrective action as permitted by law, including but not limited to corrective advertising, correcting the expiration and forfeiture terms related to Audible "credits," correcting the disclosures related to the automatic renewal payment policies, and prohibiting the practice of allowing access and charges to credit cards not provided directly to Audible or other Amazon subsidiaries and affiliates for payment; and

(6) An award to Plaintiff and Class counsel of reasonable litigation costs, expenses, and attorneys' fees under California Code of Civil Procedure section 1021.5, under the Lanham Act, under the CLRA, or under any other applicable rule or statute;

(7) An award to Plaintiff and Class members of pre-judgment and post-judgment interest, to the extent allowed by law; and

(8) Any and all other relief as equity and justice requires.

Dated: March 10, 2017         SODERSTROM LAW PC

By: */s/ Jamin S. Soderstrom*

Jamin S. Soderstrom

*Counsel for Plaintiff and the Proposed Class*

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all issues triable by jury.

Dated: March 10, 2017                    SODERSTROM LAW PC

                                         By: */s/ Jamin S. Soderstrom*

                                            Jamin S. Soderstrom

                                         *Counsel for Plaintiff and the Proposed Class*