JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

ANNASARA G. PURCELL (CSB No. 295512)
apurcell@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.451

ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for AUDIBLE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| GRANT MCKEE and SETH BEALS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIBLE, INC.,<br><br>Defendant. | Case No.: 2:17-cv-01941 GW (Ex)<br><br>**DECLARATION OF TAREK ABONIL IN SUPPORT OF AUDIBLE'S MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS AS TO SETH BEALS**<br><br>Date:      October 2, 2017<br>Time:     8:30 AM<br>Crtm:    9D<br>Judge:   George H. Wu<br>Trial Date: NONE SET |

ABONIL DECL. ISO
AUDIBLE'S MTN TO
COMPEL ARBITRATION                                   Case No. 2:17-cv-1941 GW(Ex)

I, Tarek Abonil, declare as follows:

1. I am Director of Product Management at Audible, Inc. and have worked at Audible in that role and, before that, as a Senior Product Manager at Audible, since June 2014. I make this declaration based on personal knowledge and am competent to testify to the matters stated here.

2. As Director of Product Management, I oversee a team of product managers and coordinate the joint work-product of a cross-functional team of designers, marketers, developers, and data analysts that are responsible for the overall delivery of the Audible e-commerce experience on Amazon retail surfaces, including the search, discovery, and user check-out experience on the Amazon.com and Audible.com desktop and mobile websites.

3. I am trained as a product designer and engineering manager. I hold a Bachelor of Engineering and Management degree from McMaster University, majoring in Engineering Physics and Management (2002); a Master of Business Administration degree, with a focus on Digital Marketing, from Instituto de Empresa in Madrid, Spain (2014); and a Master of Science degree in Computer Science from the Georgia Institute of Technology (2017). I also have received a Data Science Specialization Certificate from The Johns Hopkins University (2015).

4. I have reviewed the declaration of Jason Massello in support of this motion to compel arbitration as to Plaintiff Seth Beals and its attached exhibits. *See* Dkt. No. 41-1. In that declaration, Mr. Massello discusses when and how Mr. Beals originally signed up for Audible and redeemed membership credits in 2015. *Id*. at ¶¶ 9-10. Mr. Massello's declaration also discusses Mr. Beals' sign-up for Audible on April 26, 2015 on Amazon.com, and his subsequent redemption of credits on Amazon.com in 2015. *Id.* I understand that Mr. Beals does not dispute the date that appears in Audible's records concerning his 2015 trial membership sign-up, and he admits that he redeemed credits on the Amazon.com website using his

ABONIL DECL. ISO
AUDIBLE'S MTN TO
COMPEL ARBITRATION                2           Case No. 2:17-cv-1941 GW(Ex)

1  computer. *Cf.* Dkt. No. 44-8 at ¶¶ 2-3.  In addition, having reviewed Mr.
2  Massello's declaration and the underlying account history, I can confirm the
3  accuracy of Mr. Massello's discussion of Mr. Beals' sign-up and membership credit
4  redemption history, and of the exhibits attached to his declaration.

5       5.    In the ordinary course of business, Audible maintains automatically-
6  generated computer records logging when and how customers interact with and use
7  the Audible service.  These include time-stamped records of a customer's Audible
8  membership sign-up history, purchase and credit redemption history, device
9  activation history, and listening history.  I am personally familiar with these records
10 based on my job responsibilities and experience as Director of Product
11 Management and Senior Product Manager.  My team and various teams at Audible
12 with whom we work, including Audible's customer support teams, use data from
13 these records, which may be presented in different forms based on the use case for
14 the relevant team.

15      6.    Audible keeps records of when and on what platform a user signs up
16 for an Audible membership.  I attach as **Exhibit A** to this declaration a table of data
17 pulled from Audible's records for the trial Audible membership that Mr. Beals
18 started in April 2015, filtered on relevant data fields (or columns).  The columns
19 titled "enc_customer_id" and "customer_key" contain unique identifiers for Mr.
20 Beals' account, which have been redacted from Exhibit A to protect Mr. Beals'
21 privacy.  The "Trial Start Date/Member Start Date" column contains the date that
22 Mr. Beals signed up for his Audible trial membership, and it shows that he signed
23 up on April 26, 2015.  The "Member start Date" column contains the date when his
24 paid membership started, and it shows that Mr. Beals' trial membership converted
25 to a paid membership on May 26, 2015.  And the "lcl_cancel_date_key" column
26 shows that Mr. Beals cancelled his paid monthly membership on July 27, 2015.
27 The data further shows that Mr. Beals signed up for his April 26, 2015 trial

ABONIL DECL. ISO
AUDIBLE'S MTN TO
COMPEL ARBITRATION     3     Case No. 2:17-cv-1941 GW(Ex)

membership on the Amazon.com desktop website, as demonstrated by the "action_code_desc" field. The "action_code_desc" of "US Buy Box Testing" is a code used by the Audible system to identify trial membership sign-ups on the desktop version of the Amazon.com website. Despite using the word "testing," this is not a test record. Instead, it is a record of customer activity on the production version of the public Amazon.com desktop website. This is consistent with the information that Mr. Massello provided in his first declaration in support of this motion to compel arbitration as to Mr. Beals, which explained that Mr. Beals signed up using the Amazon.com desktop website. *Cf.* Dkt. No. 41-1 at ¶¶ 9-10.

7. Audible also keeps records in the ordinary course of business showing when Audible members receive and use Audible credits. I attach as **Exhibit B** to this declaration a screenshot of the internal web-based interface that Audible's customer support teams use to look up a customer's credit history, which show when Mr. Beals received and used membership credits and gift membership credits under his Audible memberships in 2015. The data that appears in Exhibit B is populated from Audible's database of records that I describe above, and it is presented in a form that members of Audible customer support can use to address questions from customers. These records show that Mr. Beals received two credits at the time that he signed up for his Audible trial membership on April 26, 2015, one of which was redeemed immediately. They further show that Mr. Beals redeemed one credit on May 27, 2015; two credits on July 7, 2015; one credit on July 27, 2015; one credit on August 17, 2015; one credit on September 29, 2015; and two credits on December 9, 2015. This is consistent with the information that Mr. Massello provided in his declaration as well. *Cf.* Dkt. No. 41-1 at ¶¶ 13-14, 16. Consistent with these records, Mr. Beals admits that he "redeemed credits for audiobooks using Amazon.com on [his] computer" following the initial sign-up for his Audible membership. *Cf.* Dkt. No. 44-8 at ¶ 3.

8. I understand that counsel for Plaintiffs challenges the reliability of two screenshots attached as Exhibit 3 (Dkt. No. 41-4) and Exhibit 5 (Dkt. No. 41-6) to Mr. Massello's declaration in support of this motion to compel arbitration. These screenshots were pulled from internal records of historical user experience flows that Audible keeps in the normal course of business, and which I am personally familiar with based on my job responsibilities and experience as Director of Product Management and Senior Product Manager. Exhibit 3 to the Massello declaration accurately shows the historical Amazon.com webpage that Mr. Beals had to use when he signed up for his trial Audible membership using the Amazon.com desktop website on April 26, 2015, and Exhibit 5 accurately shows the historical Amazon.com webpage that Mr. Beals had to use to redeem credits using the Amazon.com desktop website from May 2015 through August 2015. As Mr. Massello noted in his declaration, although the details about the particular audiobook are different, the screenshots appearing in Exhibit 3 and Exhibit 5 accurately show the sign-up and purchase screens as they were shown to Mr. Beals when he signed up for his Audible membership in April 2015 and redeemed credits on the Amazon.com desktop website in May through August 2015. *Cf.* Dkt. No. 41-1 at ¶¶ 10, 13. Accordingly, when he signed up in April 2015, Mr. Beals had to click on the "Confirm your free trial" button above the hyperlinked disclosures as shown in Exhibit 3 to the Massello declaration, and when he purchased audiobooks with membership credits in May through August 2015, Mr. Beals had to click on the "Buy with 1 Audible Credit" button above the hyperlinked disclosures as shown in Exhibit 5 to the Massello declaration.

9. As Mr. Massello stated in his declaration, the user experience flow that Audible customers use to redeem credits for audiobooks on the Amazon.com desktop website is different now than it was when at Mr. Beals redeemed credits in 2015. Nevertheless, Exhibit 5 to the Massello declaration accurately shows the

Case 2:17-cv-01941-GW-E   Document 46-3   Filed 09/21/17   Page 6 of 6   Page ID #:1417

specific credit redemption mechanism that Mr. Beals used when he performed each of the purchases that occurred from May 2015 through August 2015.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 21st day of September, 2017, at Newark, New Jersey.

_____
Tarek Abonil

ABONIL DECL. ISO
AUDIBLE'S MTN TO
COMPEL ARBITRATION      6      Case No. 2:17-cv-1941 GW(Ex)