1  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
2  FENWICK & WEST LLP
   555 California Street, 12th Floor
3  San Francisco, CA 94104
   Telephone: 415.875.2300
4  Facsimile: 415.281.1350

5  ANNASARA G. PURCELL (CSB No. 295512)
   apurcell@fenwick.com
6  FENWICK & WEST LLP
   1191 Second Avenue, 10th Floor
7  Seattle, WA 98101
   Telephone: 206.389.4510
8  Facsimile: 206.389.451

9  ARMEN NERCESSIAN (CSB No. 284906)
   anercessian@fenwick.com
10 FENWICK & WEST LLP
   801 California Street
11 Mountain View, CA 94041
   Telephone: 650.988.8500
12 Facsimile: 650.938.5200

13 Attorneys for Defendant
   AUDIBLE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| GRANT MCKEE and SETH BEALS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUDIBLE, INC.,<br><br>Defendant. | Case No.: 2:17-cv-01941 GW(Ex)<br><br>**JOINT STATEMENT OF OPEN ISSUES**<br><br>Judge: George H. Wu<br>Trial Date: NONE SET |

JOINT STATEMENT OF OPEN ISSUES                              Case No. 2:17-cv-1941 GW(Ex)

Pursuant to the Court's directive at the December 4, 2017 hearing on Defendant's Motion to Compel Arbitration and Motion to Transfer Venue as to Plaintiff Seth Beals, the parties hereby jointly submit the statement of open issues:

On October 26, 2018, the Court held a hearing and issued a tentative ruling on Audible's Motion to Dismiss Claims. Based on the Court's ruling issued at the December 4, 2017 hearing which compelled Plaintiff Beals' claims to arbitration or transferred them to the Southern District of New York, Audible contends that its Motion to Dismiss as to Beals is now moot.

Addressing Audible's Motion to Dismiss as to Plaintiff McKee, the Court tentatively ruled as follows:

- McKee's Fifth, Sixth, and Ninth Causes of Action would be dismissed without prejudice. These are claims for violation of California's Automatic Purchase Renewals Law (the fifth cause of action); conversion (the sixth cause of action); and restitution, unjust enrichment, and money had and received (the ninth cause of action);

- McKee's First Cause of Action (under the Lanham Act) would be dismissed with prejudice, per Plaintiff's agreement; and

- Audible's motion was denied as to Plaintiff's Second, Third, Fourth, Seventh, and Eighth Causes of Action. These are claims for violation of the California False Advertising Law (the second cause of action), violation of federal gift card statutes (the third cause of action); violation of the California Gift Certificate Law (the fourth cause of action); violation of the California Consumers Legal Remedies Act (the seventh cause of action); and violation of California's Unfair Competition Law (the eighth cause of action). *See* Dkt. 53 at 19-38.

At the October 26, 2017 hearing on Audible's Motion to Dismiss, the Court indicated that it might reconsider the scope of its ruling as to Plaintiff's claim using California's Automatic Purchase Renewals Law (CAPRL) as the predicate for a

JOINT STATEMENT OF OPEN ISSUES                              1                    Case No. 2:17-cv-1941 GW(Ex)

UCL claim. Specifically, the tentative ruling held that Plaintiff's CAPRL-based claim should be dismissed without prejudice because it was not adequately pleaded, but that Plaintiff did have standing to assert such a claim if adequately pleaded. Dkt. 53 at 28-29.

Audible contends that Plaintiff lacks standing to assert any claim based on CAPRL because Plaintiff's alleged injury—the expiration of membership credits at the time that Plaintiff terminated his membership—has no relationship to the automatically-recurring nature of Audible's charges. As Audible noted at the hearing, Plaintiff's alleged injury—the loss of membership credits when he cancelled his membership—would have been the same even if Plaintiff had manually paid for membership credits on a monthly basis rather than incur automatic charges. In fact, Plaintiff's Complaint alleges that he affirmatively designated a card to be charged every month. *See* Motion to Dismiss (Dkt. 42) at 8-10 (citing Complaint ¶ 7).

Plaintiff contends that the Court's tentative ruling is correct and that Plaintiff has pleaded injury-in-fact sufficient to bring a UCL claim concerning a violation of the CAPRL. *See* FAC ¶¶ 12, 89–91, 120 (alleging Audible's failure to make a complete disclosure of the automatic payment and cancellation terms and policies caused him to make more payments that he would have, pay more each month than he would have, and have credits expire).

Following argument on this issue at the hearing, the court said that it would "take another look" at the issue of Plaintiff's standing to bring a UCL claim based on CAPRS.

Dated: December 4, 2017          SODERSTROM LAW PC


By: /s/ *Jamin S. Soderstrom*
    Jamin S. Soderstrom
    Attorney for Plaintiff GRANT McKEE

JOINT STATEMENT OF OPEN
ISSUES                                   2           Case No. 2:17-cv-1941 GW(Ex)

Dated: December 4, 2017                FENWICK & WEST LLP

By: /s/ *Jedediah Wakefield*
   Jedediah Wakefield
   Annasara G. Purcell
   Armen Nercessian

Attorneys for Defendants
AUDIBLE, INC.

## ATTESTATION OF SIGNATURES

Pursuant to Local Civil Rule 5-4.3.4(a)(2), I hereby attest that I have obtained concurrence in the filing of this document from each of the Signatories.

Dated: December 4, 2017                FENWICK & WEST LLP

By: /s/ *Jedediah Wakefield*
   Jedediah Wakefield
   Annasara G. Purcell
   Armen Nercessian

Attorneys for AUDIBLE, INC.