1   **Jamin S. Soderstrom, Bar No. 261054**
2   **jamin@soderstromlawfirm.com**
    **SODERSTROM LAW PC**
3   **3 Park Plaza, Suite 100**
    **Irvine, California 92614**
4   **Tel:   (949) 667-4700**
5   **Fax:  (949) 424-8091**

6   *Counsel for Plaintiffs and the Proposed Class*

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                  **(WESTERN DIVISION – LOS ANGELES)**

11

12  **GRANT MCKEE, TAYLOR FISSE,**            **Case No. 2:17-cv-01941 GW (Ex)**
    **BRYAN REES, ERIC WEBER, and**
13  **MICHAEL ROGAWSKI, individually**
    **and on behalf of all others similarly**    **JOINT RULE 26(f) REPORT**
14  **situated,**
15
16          **Plaintiffs,**
                                                 Date:        April 19, 2018
17  **v.**                                       Time:        8:30 a.m.
                                                 Courtroom:   9D
18  **AUDIBLE, INC.,**                           Judge:       Hon. George H. Wu
                                                 Trial Date:  None Set
19          **Defendant.**
20
21
22
23
24
25
26
27
28

                                    1

Plaintiffs Grant McKee, Taylor Fisse, Bryan Rees, Eric Weber, and Michael Rogawski[1] ("Plaintiffs") and Defendant Audible, Inc. ("Defendant") jointly submit this Joint Rule 26(f) Report pursuant to this Court's Order setting a status conference [Dkt. 97 at 1] and Local Rule 26-1.

## JOINT RULE 26(f) REPORT

**Rule 26(f)(1) – Conference Timing**

The parties conferred on April 11, 2018 and several times thereafter via teleconference and email correspondence.

**Rule 26(f)(2) – Conference Content**

Nature and Basis of Claims and Defenses and Potential for Prompt Settlement. The parties have discussed the nature and basis of their claims and defenses in connection with their consideration of "the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f)(2). Some settlement communications have occurred to date, but the parties have not engaged in any formal settlement conference or mediation.

Rule 26(a)(1) Disclosures. The parties have discussed the timing of initial disclosures and agree that initial disclosures should be made by May 21, 2018.

Preservation of Discoverable Information. The parties have discussed the preservation of discoverable information. Counsel for each of the parties has discussed with their clients their obligations to preserve discoverable information, and the parties do not currently anticipate any issues concerning preservation of discoverable information.

Proposed Discovery Plan. The parties have discussed and propose the discovery plan shown below.

---

[1] Plaintiffs Taylor Fisse and Bryan Rees's claims are expected to be transferred to the Eastern District of North Carolina shortly. The parties are still conferring as to whether they can stipulate to evidence that would show that Plaintiff Michael Rogawski agreed to arbitrate his claims.

**Rule 26(f)(3) – Discovery Plan**

    **a.**    **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a)**

    <u>Plaintiffs' Position</u>.

Plaintiffs believe initial disclosures should be made by May 21, 2018. Plaintiffs believe the initial disclosures Defendant makes should identify and submit records showing its current and historic (i) conditions of use, (ii) sign-up and credit redemption webpages, (iii) disclosures concerning automatic payments, designating payment methods, credit expirations, and cancellation, and (iv) pricing policies and practices for audiobooks and related products and services. Defendant has already collected and produced (voluntarily or by Court order) many of these documents in connection with several motions to compel arbitration and has known for months that these documents are at the heart of Plaintiffs' claims and Defendant's defenses and will be produced in this action eventually. Moreover, Defendant has in the past represented that it has a "User Experience Team" that regularly identifies and collects screenshots and similar website information concerning the webpages that are relevant to this action, so the suggestion that it would be a "Herculean undertaking" for Defendant to collect and produce screenshots of their core sign-up and credit redemption webpages is inconsistent with their prior production and use of such webpages and past representations. Plaintiffs <u>are</u> <u>not</u> asking Defendant to submit back-up supporting data or related correspondence in connection with the initial disclosures.

    <u>Defendant's Position</u>.

Defendant's position is that initial disclosures should be made by May 21, 2018. Defendant's position is that Rule 26(a)(1) clearly articulates what information is required to be provided in initial disclosures, and does not contemplate the expansive production of documents and accompanying information requested by Plaintiffs above. To the contrary, Rule 26 states that a party must provide "a copy—or *description by category and location*—of all documents" relevant to its claim or defenses. Plaintiff's suggestion

that Defendant instead must produce all of the electronic records on which it intends to rely with its initial production is both inconsistent with Rule 26 and untenable. As the Court is aware from Defendant's motions to compel arbitration and plaintiff's oppositions, the task of identifying screen flows based on the date used and the circumstances that would have led a particular screen flow to be used is a herculean undertaking. While Defendant does anticipate producing evidence on these subjects during discovery, it cannot produce all of this information in connection with its initial disclosures.

**b.      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

<u>Plaintiffs' Position.</u>

Plaintiffs anticipate needing discovery on the following and related subjects in connection with class certification and/or merits discovery, much of which Plaintiffs believe will be overlapping (i.e., the sign-up and credit redemption webpages and similar webpages will go to issues of typicality and commonality and will also go to the merits of the parties' dispute on whether such webpages omitted material information or contained all necessary disclosures):

(i)      Defendant's current and historic conditions of use;

(ii)     Defendant's current and historic advertisements related to its memberships and related products and services;

(iii)    Defendant's current and historic sign-up and credit redemption webpages;

(iv)     Defendant's current and historic policies and practices related to its memberships and related products and services;

(v)      Defendant's current and historic policies, practices, and disclosures related to purchasing and redeeming credits;

(vi)     Defendant's current and historic policies and practices related to pricing its credits and pricing its products and services;

(vii)   Defendant's current and historic policies, practices, and disclosures related to designating and charging payment methods;

(viii)  Defendant's current and historic policies, practices, and disclosures related to cancellation of a membership;

(ix)   Complaints by consumers and third parties (e.g., government agencies, counsel for other parties) related to any of the above topics (e.g., complaints related to unauthorized charges, expired credits, cancellation requirements);

(x)    Identification of the potential class and subclass members in this action; and

(xi)   Identification of the number of expired credits and number of charges to non-designated payment methods.

Plaintiffs believe that it is appropriate to follow the portion of the Manual for Complex Litigation, Fourth Edition, applicable to class actions, and that it is appropriate to address class certification issues before reaching the merits of Plaintiffs' claims and Defendant's defenses. As shown below, Plaintiffs believe class certification-related discovery should be completed by August 27, 2018, with Plaintiffs' motion for class certification to be filed shortly thereafter.

Federal Rule of Civil Procedure 23(c)(1)(A) instructs that a Court "must" make certification decision at "an early practicable time after a person sues . . . as a class representative." While case law supports the Court's prior decisions to grant Defendant's request to delay initial disclosures and class certification discovery until after (most of) Defendant's motions concerning arbitration, jurisdiction, and Rule 12 dismissal are resolved, there is little, if any, support for Defendant's request that it be permitted to delay Plaintiffs' prosecution of their claims until they have tried to pick of one or more claims on summary judgment. Defendant's affiliates and their same counsel have already agreed to start with class certification discovery in the related *Weber v Amazon* case (in the event the Court denies their pending motion to compel arbitration), and the same procedure should be followed in this action, particularly since it has already been pending

1    more than 13 months and Defendant's proposed timeline would delay any class

2    certification decision by more than another year.

3            Alternatively, Plaintiffs believe that class certification and merits discovery should

4    simply proceed at the same time (as opposed to bifurcation of certification and merits

5    discovery, which is fairly common in these cases), and if Defendant wishes to file an

6    early motion for partial summary judgment, it can do so once it believes sufficient

7    discovery has occurred. Defendant should not be allowed to refuse all class certification

8    discovery simply because it believes it may have a chance to pick of one of Plaintiffs'

9    claims on summary judgment because the Court acknowledged that the motion to dismiss

10   presented a close question on a fairly undeveloped area of federal law. If Defendant really

11   wants to conduct merits discovery, it should not be instead of class certification discovery

12   or limited only to issues Defendant picks.[2]

13           Defendant's Position.

14           Defendant anticipates needing discovery on the following and related subjects:

15   (i)     The named Plaintiffs' knowledge of Audible's credit expiration and other

16           policies;

17   (ii)    The named plaintiff's experiences signing up for Audible, including but not

18           limited to what advertisements and statements the named Plaintiffs saw

19           regarding Audible;

20   (iii)   Mr. Weber's experience signing up for an account with Amazon.com and

21           his knowledge of the Amazon.com Conditions of Use and privacy policies.

22           As is noted in the parties' proposed schedule below, Defendant has proposed a

23   schedule that allows two more months for class certification discovery than the schedule

24   proposed by Plaintiffs. While Plaintiffs have not yet propounded specific discovery

25

26   _____

     [2] Plaintiffs do not agree that the discovery needed to litigate the merits of gift card issues
     is "extremely limited" as Defendant suggests. Moreover, resolving gift card-related
27   merits issues will not substantially limit the remaining discovery that will be necessary,
     and most of Plaintiffs' claims have substantial overlap in relevant facts and Defendant's
28   applicable defenses. An early summary judgment motion is unlikely to resolve a large
     part of this action, render other discovery unnecessary, or dramatically shrink the putative
     class.

requests, the requests that Plaintiffs make in this filing indicate that Plaintiff seeks information that will be enormously difficult and time consuming for Defendant to gather and produce.  This Court has already seen the difficulty involved in producing all of the possible screenshots and disclosures that one specific user may have seen, and Plaintiffs appear to be asking Defendant to generate this information for all of Audible's user base. Defendant believes that Plaintiffs' proposed schedule does not adequately reflect the magnitude of their likely discovery requests and the technical realities of responding to such requests.

        **c.**      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

As described above, the parties disagree as to the timing of Rule 26(a) initial disclosures. Because Defendant has indicated that it is documenting and preserving any and all relevant modifications to their webpages, disclosures, terms, and advertisements, and related internal and external communications, and because all parties have been advised as to their obligations to maintain and preserve potentially discoverable documents and information, the parties do not anticipate any issues concerning the preservation of electronically stored information.

The parties anticipate entering into a Stipulated Protective Order to govern discovery of confidential material and information and will promptly seek the Court's approval of such Order.

        **d.**      **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under FRE 502**

The parties anticipate entering into a Stipulated Protective Order to govern discovery of confidential material and information and will promptly seek the Court's approval of such Order.

The parties agree that they will not require a privilege log concerning the parties' communications with their respective outside counsel occurring after January 26, 2017.

**e.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

Plaintiffs' Position.

Plaintiffs believe that class certification-related discovery should be completed before merits-related discovery commences. Plaintiffs have expressed above their objections to Defendant's request that it be permitted to cherry-pick issues it would like to challenge again, and then organize a self-serving discovery plan around its own preferences without regard to Rule 23's instructions and Plaintiffs' obligation to prosecute their claims promptly and efficiently. If any merits discovery proceeds (which will largely be overlapping with class certification discovery), the Court should simply decline to bifurcate class certification and merits discovery and let all discovery proceed simultaneously.

Plaintiffs continue to object to Defendant's characterization of Plaintiffs' claims, and Weber's claims in particular. First, Weber is not solely making claims related to an unauthorized charge to a business credit card stored on his separate Amazon account as Defendant likes to argue. He also has pleaded false advertising and disclosure-based claims arising under state and federal law. Weber has standing to bring numerous claims separate and apart from the unauthorized charges to a business card. Second, Plaintiffs' counsel has confirmed with Weber that while Weber's business card was a credit card charged without authorization, Weber's personal card that has been charged automatically by Audible for numerous months is a debit card. Weber will clarify this in the Third Amended Complaint, and such facts will continue to support a preauthorized electronic funds transfer claim under the EFTA based on the Court's recent ruling. Finally, Plaintiffs object to any stay based on Audible's intent to appeal. The Court properly applied the same analysis to Weber as it did to McKee nine months ago in

connection with Audible's attempt to rely on its affiliate's terms to compel arbitration when its own terms failed. Audible should not be permitted to delay discovery and related proceedings even further simply because it is dissatisfied with some of the Court's rulings and based on the hope that the Ninth Circuit may allow Audible to enforce terms to which it is not a party. Indeed, even after submitting all of its relevant evidence in reply, Audible never proved that Weber and Amazon have an enforceable arbitration agreement on which Audible could base an appeal (Amazon itself has yet to prove any arbitration agreement exists in a related case).

Defendant's Position.

Defendant has no objection to class certification discovery generally taking place before merits discovery. However, Defendant asks that class certification discovery not begin until the Court hears Defendant's motion to dismiss for lack of standing with regards to Eric Weber. Defendant intends to move to dismiss Mr. Weber's claims pursuant to Rule 12(b)(1) because at the time that he filed his complaint, he had already received a full refund for the unauthorized charges about which he complains. *See Luman v. Theismann*, 647 F. App'x 804, 806 (9th Cir. 2016) (district court properly dismissed claim where plaintiff filed complaint two months after he received a monetary refund and therefore no longer met injury-in-fact requirement at the time he filed his complaint); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (noting that at the commencement of the litigation plaintiff must satisfy the elements of standing including an injury-in-fact, traceable to the defendant's behavior, that is redressable by the court). Determining whether Mr. Weber will remain in the case is critical to determining the scope of class discovery, as his claims are based on an entirely different theory of liability—unauthorized charges to a credit card other than card designated for Audible— than Mr. McKee's claims. If Mr. Weber remains in the case then Amazon's disclosures and credit card charging practices will be relevant to class discovery; if he does not then only Audible records will be at issue. While Plaintiffs will likely complain that motion practice on the pleadings has already been ongoing for some time, it was Plaintiffs'

1  decision to continually add new named representatives with different alleged injuries to
2  the same action.

3          Defendant would further ask that while motion practice takes place with regards
4  to Mr. Weber's claim, and before class certification discovery begins, the Court allow a
5  brief period of discovery on the issue of whether Audible credits constitute "gift
6  certificates" or "gift cards" under applicable law, including whether they are "issued in a
7  specified amount," and then hear a motion for summary judgment on that issue. In
8  denying Defendant's motion to dismiss on this subject, the Court noted that Plaintiffs
9  were "barely" able to "squeak" this claim past the pleading stage, and that the issue would
10 better be decided on summary judgment than a motion to dismiss. *See* October 26, 2017
11 Hearing Transcript at 4:7-18. If the Court resolves this issue before class certification and
12 other merits discovery commence, this will significantly narrow the scope of discovery
13 required. Plaintiffs' gift card claim is the only federal claim at issue in this case, and class
14 discovery will be far more efficient if the parties know whether there is any possibility
15 of a nationwide class of if all claims are being asserted under California law.[3] Moreover
16 the amount of discovery required for the Court to hear a summary judgment motion on
17 this issue is extremely limited. Defendant therefore requests that the Court entertain a
18 motion for summary judgment on this issue, then consider class certification, and then
19 establish a schedule for merits discovery. If this limited discovery happens in tandem
20 with Defendants' Motion to dismiss with regards to Mr. Weber, it will not significantly
21 delay class discovery.

22          In the alternative, Defendant asks that the Court stay all proceedings with regard
23 to Mr. Weber's claims while Defendant pursues an appeal of the Court's order denying
24 Audible's motion to compel arbitration. While Audible will be taking this appeal as a

---

26 [3] The Court has already concluded that the Electronic Funds Transfer Act does not apply
   to credit card transactions. Therefore, while the Second Amended Complaint still
27 technically contains an EFTA claim brought on behalf of Weber, Defendant does not
   believe that this claim can be salvaged in the Third Amended Complaint, as the complaint
28 affirmatively alleges that both the personal card that Mr. Weber designated for Audible
   use and the corporate card that was wrongly charged were credit cards, and not debit
   cards.

matter of right pursuant to the Federal Arbitration Act, it recognizes that such an appeal does not automatically divest the court of jurisdiction over the matter, and that the Court has discretion to continue hearing Mr. Weber's claims while the appeal proceeds. 9 U.S.C. § 16(a)(1)(c).

> **f.** **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The parties anticipate entering into a Stipulated Protective Order to protect confidential and proprietary information and documents and request that the Court approve such Order.

Plaintiffs ask that the Court order class certification-related discovery be completed before merits-related discovery commences. Plaintiffs further ask that, because many issues will largely depend on what dates particular webpages, disclosures, terms, advertisements, and policies were operative and shown or available to consumers—and because they have been changed over time—Defendant be required to (i) identify the operative dates for each relevant screenshot or printout produced in discovery and (ii) also produce any records used to determine the operative dates.

For the reasons discussed above, Defendant requests that the Court hear an early motion for summary judgment on the issue of whether Audible credits constitute gift certificates or gift cards, and then proceed to class certification discovery after it has ruled on both the motion for summary judgment and Defendant's motion to dismiss with regards to Eric Weber. Defendant otherwise has no objection to class certification discovery preceding merits discovery. As to Plaintiff's request that Defendant be required to identify the operative dates of every relevant screenshot and produce all records relied upon in determining those dates, Defendant asks that the Court consider such requests in the context of specific discovery demands and Defendant's responses to those demands. While the production of such records may not pose a problem in some instances, in others it may require the production of confidential source code or entire databases. Rule 26(b)(1) provides that parties may discover relevant evidence "proportional to the needs

of the case." Until Plaintiff issues specific requests and Audible can assess the burden associated with responding to those requests, it is impossible to determine whether this sort of production would be proportional to the needs of this case.

Scheduling

The parties propose the following dates:

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| **Plaintiffs' Deadline to File Third Amended Complaint ("TAC")** | May 14, 2018 | May 14, 2018 |
| **Initial Disclosures** | May 21, 2018 | May 21, 2018 |
| **Start of Discovery on Issue of Whether Credits are Issued in a Specified Amount** | Plaintiffs object to proceeding with issue-specific discovery handpicked by Defendant before Plaintiffs can seek any other discovery | May 21, 2018 |
| **Deadline for Defendant's Motion to Dismiss as to Eric Weber and to Answer Complaint as to Grant McKee** | June 4, 2018 | June 4, 2018 |
| **Deadline for Plaintiffs to Oppose Defendant's Motion to Dismiss as to Eric Weber** | June 25, 2018 | June 25, 2018 |
| **Deadline for Defendant to file a Reply in support of a** | July 9, 2018 | July 9, 2018 |

12
JOINT RULE 26(f) REPORT

| | | |
|---|---|---|
| **Motion to Dismiss as to Eric Weber** | | |
| **Last Day for Discovery on Whether Credits are Issued in a Specified Amount** | Plaintiffs object | July 13, 2018 |
| **Hearing on Defendant's Motion to Dismiss Eric Weber** | July 23, 2018 | July 23, 2018 |
| **Deadline for Audible's Motion for Summary Judgment on Whether Credits are Issued in a Specified Amount** | Plaintiffs object | July 26, 2018 |
| **Deadline for Plaintiffs' Opposition to Motion for Summary Judgment** | Plaintiffs object | August 16, 2018 |
| **Deadline for Audible's Reply ISO Motion for Summary Judgment** | Plaintiffs object | August 30, 2018 |
| **Hearing on Audible's Motion for Summary Judgment** | Plaintiffs object | September 10, 2018 |
| **Start of Class Certification-Related Discovery** | Immediately | September 10, 2018 |
| **Last Day to Amend Pleadings** | July 30, 2018 | August 30, 2018 |
| **Disclosure of Class Certification Experts** | July 30, 2018 | January 22, 2019 |

| | | |
|---|---|---|
| **Last Day for Class Certification Discovery** | August 27, 2018 | February 22, 2019 |
| **Last Day for Class Certification Discovery Motions to be Heard** | September 24, 2018 | March 18, 2019 |
| **Deadline to file Motion for Class Certification** | October 15, 2018 | April 12, 2019 |
| **Deadline to file Opposition to Motion for Class Certification** | November 12, 2018 | May 10, 2019 |
| **Deadline to file Reply in support of Motion for Class Certification** | December 3, 2018 | May 31, 2019 |
| **Hearing on Motion for Class Certification** | December 17, 2018 | June 13, 2019 |

Local Rule 26-1

Pursuant to Local Rule 26-1:

(a)    The parties agree that the class action-related procedures in the Manual For Complex Litigation (current edition) should be utilized.

(b)    The parties have set forth above their proposed motion schedule for Plaintiffs' anticipated motion for class certification. Defendant believes that the Court should consider Plaintiffs' gift card law claims, as well as Defendant's motion to dismiss as to Weber, before class certification discovery. Plaintiffs believe that if any merits discovery proceeds, class certification and merits discovery should proceed simultaneously.

(c)    The parties have agreed that private mediation is the most appropriate ADR procedure.

(d)     The parties agree that it is premature to set a trial date and/or estimate the length of trial.

(e)     Plaintiffs anticipate that additional consumers may be added as parties, but Plaintiffs' counsel has not yet confirmed the identity of any specific consumer who will be added as a named plaintiff and proposed class representative. Defendant does not anticipate that any additional parties will be added except as described by Plaintiff's counsel. In the event that the Court permits Plaintiffs to add additional consumers as parties, Defendant anticipates filing one or motions to dismiss or compel arbitration as to such additional plaintiffs.

(f)     The parties have included proposed timing of disclosure of expert witnesses related to class certification issues under Rule 26(a)(2) in their scheduling requests.

Dated: April 16, 2018                SODERSTROM LAW PC

                                     By: */s/ Jamin S. Soderstrom*

                                     *Counsel for Plaintiffs and the Proposed Class*

Dated: April 16, 2018                FENWICK & WEST LLP

                                     By: */s/Jedediah Wakefield*

                                     *Counsel for Defendants*

### SIGNATURE CERTIFICATION

I hereby attest that all other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing. I have obtained authorization to affix their electronic signatures to this document.

Dated: April 16, 2018                    */s/ Jamin S. Soderstrom*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

        The undersigned certifies that on April 16, 2018 I caused the foregoing document to

be served on all counsel of record by the Court's CM/ECF electronic filing system.

4

5

                                        By: <u>/s/ Jamin S. Soderstrom</u>

6

                                        Jamin S. Soderstrom

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(f) REPORT