## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-1941-GW(Ex) | Date | May 10, 2018 |
|---|---|---|---|
| Title | *Grant McKee v. Audible, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   **IN CHAMBERS - RULING ON PROPOSED ORDER RE MOTION FOR CORRECTIVE ACTION**

Attached hereto is the Court's Ruling on the Proposed Order re Motion for Corrective Action.

:

Initials of Preparer   JG

*McKee v. Audible*; Case No. 2:17-cv-01941-GW-(Ex)
Ruling on Proposed Order re Motion for Corrective Action

## I. <u>Background</u>

On April 6, 2018, following a hearing on April 2, 2018, the Court granted in part and denied in part Plaintiff's motion for corrective action. *See* April 6, 2018 Civil Minutes ("April 6, 2018 Order"), Docket No. 97. The Court then held a status conference relevant to this matter on April 19, 2018, where the Court "clarified the intent of its ruling concerning Plaintiffs' motion for corrective action, and Plaintiffs' counsel [was] instructed to prepare and submit an appropriate order." *See* April 19, 2018 Civil Minutes ("April 19, 2018 Status Conference Minutes"), Docket No. 100. During that same status conference, the Court instructed Defendant's counsel to "prepare an order transferring Taylor Fisse's and Bryan Rees's claims to the Eastern District of North Carolina, consistent with the Court's prior ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Docket 87; Docket 97 at 3." *Id.*

As to the motion for corrective action, Plaintiff submitted a proposed order following the aforementioned hearings. Proposed Order Granting Corrective Action Under Federal Rule of Civil Procedure 23(d) ("Pls.' Corrective Action PO"), Docket No. 104-1. In response, Defendant filed its objections to Plaintiffs' proposed order. Audible's Objections to Proposed Order and Notice of Alternative Proposed Order, Docket No. 105 ("Def.'s Objections"). Defendant also filed a proposed order as an alternative to Plaintiffs' proposed order. Audible's Alternative Proposed Order ("Def.'s Corrective Action PO"), Docket No. 105-1. Plaintiffs responded to Defendant's objections. Plaintiffs' Response to Audible's Objections to Proposed Order and Notice of Alternative Proposed Order ("Pls.' Resp."), Docket No. 106.

As to the transferring of Taylor Fisse's and Bryan Rees's claims to the Eastern District of North Carolina, Defendant filed its proposed order on May 3, 2018. Proposed Order Partially Transferring Claims of Plaintiffs Taylor Fisse and Bryan Rees to the Eastern District of North Carolina, Docket No. 108-1 ("Def.'s Transferring Claims PO."). Plaintiffs have apparently not objected to this proposed order as of May 7, 2018.

## II. <u>Motion for Corrective Action</u>

Defendant makes a series of objections to Plaintiffs' Corrective Action Proposed Order. Def.'s Objections at 1-2. Plaintiffs respond to those arguments. *See generally* Pls.' Resp. The

1

Court will address those arguments in turn. In the end, the Court instructs the parties to come up with a mutually agreed upon order that adheres to the Court's points outlined below.

First, Defendant argues that Plaintiffs' proposed order "selectively describes the background and Court's findings." Def.'s Objections at 1; Pls.' Corrective Action PO. The Court agrees that Plaintiffs' reference to the background in the case is argumentative and selectively describes the situation at hand. The Court will therefore ask the parties to propose an order using Defendant's simple description provided in Defendant's alternative proposed order. Def.'s Corrective Action PO at 1.

Second, Defendant argues that Plaintiffs' proposed order wrongfully omits a reference to the fact that "individuals who already agreed to Audible's prior arbitration agreements such as Mr. Beals, are excluded from the order, and remain bound by their arbitration and class waiver agreements." Def.'s Objections at 1. Plaintiffs do not object to this request. Pls.' Resp. at 3. The Court sees no problem with including this clarification as written in Defendant's proposed order. Def.'s Corrective Action PO at 1.

Third, Defendant asserts that paragraph 2b of Plaintiffs' proposed order contradicts the Court's comments from the April 19, 2018 status conference and the Court's earlier rulings. Plaintiffs argue that Defendant should be obligated in the proposed order to disclose to other courts the Court's order. Pls.' Resp. at 3. On April 19, 2018, the Court stated that Fisse could mention to a judge in the Eastern District of North Carolina that an agreement to arbitrate entered into by a putative class member after July 17, 2017 would have no effect. *See* April 19, 2018 Transcript at 8-9. The Court specifically stated, as Defendant points out, that language like that in paragraph 2b of Plaintiffs proposed order should not be included in such an order:

> And, again, I am not going to have all of this different language, you know, because, then, rather than being a simple order, it would be a very complicated order. I just want a very simple order but with the understanding that if she was a member of the class here, initially when this stuff took place, but now her case is being transferred somewhere else, I would think that the judge in the other case is going to handle it. But that judge should be informed that it was my expectation and my initial ruling that had she remained here, that that waiver would have no effect or that implied waiver would have no effect.

*Id.* at 9. The Court thus finds that paragraph 2b of Plaintiffs' proposed order goes against the Court's instructions on April 19, 2018. The parties should omit that paragraph from the order.

Fourth, Defendant takes issue with paragraph 2c of Plaintiffs' proposed order, which in part states that "Audible must meet and confer with Plaintiffs' counsel concerning any notice it

2

seeks to send to any putative class members, and it must obtain Court approval before it sends such a notice." Pls.' Corrective Action PO ¶ 2c. Defendant argues that this wording would require Defendant to meet and confer with Plaintiffs' counsel for any notice sent to putative class members, "regardless of whether the notice was for the purpose of obtaining consent to its arbitration and class waiver provision, and indeed, regardless of whether the communication related to this dispute." Def.'s Objections at 2. In addition, Defendant argues that the court approval aspect of such notice goes against the ruling in the civil minutes, which state that "if Audible provides new agreements, with proper notice of the current action and opt out opportunities, the Court would take no action with respect to such agreements." April 6, 2018 Order.

At the April 2, 2018 hearing, the Court stated that it did "not want any new members of the defendant to contact the named plaintiffs . . . without prior advance notice to plaintiff's counsel." April 2, 2018 Transcript at 11, Docket No. 95. As to putative class members more generally, the Court noted in its April 6, 2018 Order that "[t]he Court would caution [Defendant] (as the Court would advise any party in a litigation) to seek the Court's approval before engaging in a [sic] such conduct which would have a direct and immediate impact on the litigation, especially when the conduct is opposed by the opposing party." April 6, 2018 Order at 12 n.8. The Court then held that with proper notice of the current action and opt out opportunities, the Court "would take no action with respect to such agreements." *Id.* at 13. The Court specifically stated that it would "leave it to the parties to work out the specifics of that arrangement." *Id.* at 13 n.10.

As such, the Court would require the proposed order to state that Defendant's counsel must meet and confer with Plaintiffs' counsel prior to anyone affiliated with Defendant making *any* contact with named plaintiffs. The proposed order should also state that Defendant's counsel must meet and confer with Plaintiff's counsel if it makes contact with any putative class members (not just named plaintiffs) if that contact would have a *direct and immediate impact on the litigation*, such as contact related to arbitration provisions, class action waiver, or any contact that could impact settlement or putative class members' rights in this litigation. If after meeting and conferring, Plaintiffs still oppose the proposed communication, Defendant must seek Court approval prior to making such communications.

3

### III. <u>Motion to Transfer Venue</u>

The Court will adopt Defendant's proposed order regarding the transfer of Taylor Fisse's and Bryan Rees's claims to the Eastern District of North Carolina.  *See* Def.'s Transferring Claims Proposed Order.  It does not appear that Plaintiffs have any objection to this order.  *See generally* Docket.  That proposed order follows below, and the Court will adopt it verbatim:

> On March 12, 2018, the Court issued a tentative ruling granting Defendant Audible's Motion to Dismiss the Second Amended Complaint as to Plaintiffs Taylor Fisse and Bryan Rees for Lack of Personal Jurisdiction. See Dkt No. 87 (minute entry attaching ruling on motion to dismiss); Dkt. No. 70 (Audible's Motion to Dismiss). The parties subsequently informed the Court that in light of the Court's ruling, they would stipulate to the transfer of Fisse's and Rees's claims to the Eastern District of North Carolina to avoid the inefficiency of dismissal and re-filing, subject to Defendant's reservation of the right to raise any jurisdictional or venue defenses that may exist. For the reasons stated in the Court's Tentative Ruling on Defendant's Motion to Dismiss (Dkt. No. 87), and consistent with the parties' stipulation preserving venue and jurisdictional defenses, the claims of Plaintiffs Taylor Fisse and Bryan Rees are hereby TRANSFERRED to the United States District Court for the Eastern District of North Carolina.

### IV. <u>Conclusion</u>

As to the motion for corrective action, the Court would **ORDER** the parties to submit a mutually agreed upon 1-2 page proposed order adhering to the points outlined herein within the next five days.

With regard to Defendant's motion to transfer venue as to Plaintiffs Taylor Fisse and Bryan Rees for lack of personal jurisdiction, the Court would **GRANT** Defendant's motion as written in its proposed order and **TRANSFER** the claims of Plaintiffs Taylor Fisse and Bryan Rees to the Eastern District of North Carolina.  *See* Def.'s Transferring Claims PO.