**Jamin S. Soderstrom, Bar No. 261054**
jamin@soderstromlawfirm.com
**SODERSTROM LAW PC**
**3 Park Plaza, Suite 100**
**Irvine, California 92614**
**Tel:   (949) 667-4700**
**Fax:   (949) 424-8091**

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| **GRANT MCKEE, TAYLOR FISSE, BRYAN REES, ERIC WEBER, and MICHAEL ROGAWSKI**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**AUDIBLE, INC.**,<br><br>Defendant. | Case No. CV 17-1941-GW(Ex)<br><br>**ORDER GRANTING CORRECTIVE ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(d)** |

On April 6, 2018, following a hearing on April 2, 2018, the Court granted in part and denied in part Plaintiffs' Motion for Corrective Action. Dkt. 97. The Court clarified the intent of its ruling at an April 19, 2018 status conference and in a subsequent ruling. Dkt. 110. Pursuant to Federal Rule of Civil Procedure 23(d), the Court orders as follows:

1. Any agreement to arbitrate entered into by a then current Audible member on or after July 17, 2017 through the present is null and void only to the extent that it would limit a class member's participation or recovery in this action.

2. Audible is permitted, but not required, to obtain consent to its current arbitration provision from members who signed up for Audible prior to July 17, 2017, provided it does so in a manner that discloses information about this action, obtains their informed consent, and affords an opt-out.

3. Audible's counsel must meet and confer with Plaintiffs' counsel prior to anyone affiliated with Audible making any contact with named plaintiffs. This requirement does not apply to (1) communications in the ordinary course of Audible's services, such as purchase confirmation emails, book recommendations, or responses to customer service contacts, or (2) Amazon's or its other affiliates' communications made in the ordinary course of their respective businesses relating to services other than Audible.

4. Audible's counsel must also meet and confer with Plaintiffs' counsel prior to Audible making contact with any putative class members (not just named plaintiffs) if that contact would have a direct and immediate impact on the litigation, such as contact related to arbitration provisions, class action waiver, or any contact that could impact settlement or putative class members' rights in this litigation. This requirement does not apply to communications in the ordinary course of Audible's services, such as customer service interactions with individual consumers. If after meeting and conferring Plaintiffs still oppose Audible's proposed communication, Audible must seek Court approval prior to making such communication.

5. Audible is not required to place any information on its public-facing websites.

6. This order does not affect persons who were not Audible customers prior to July 17, 2017 or persons who agreed to Audible's arbitration clause prior to July 17, 2017.

**IT IS SO ORDERED.**

Dated: May 16, 2018

GEORGE H. WU
UNITED STATES DISTRICT JUDGE