1  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
2  ARMEN NERCESSIAN (CSB No. 284906)
   anercessian@fenwick.com
3  MATTHEW B. BECKER (CSB No. 291865)
   mbecker@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone:  415.875.2300
6  Facsimile:   415.281.1350

7  ANNASARA G. PURCELL (CSB No. 295512)
   apurcell@fenwick.com
8  FENWICK & WEST LLP
   1191 Second Avenue, 10th Floor
9  Seattle, WA  98101
   Telephone:  206.389.4510
10 Facsimile:   206.389.4511

11 Attorneys for Defendant
   AUDIBLE, INC.
12

13                    UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                  (WESTERN DIVISION – LOS ANGELES)

16

17 GRANT MCKEE, ERIC WEBER, and         Case No.: 2:17-cv-01941 GW (Ex)
   MICHAEL ROGAWSKI, individually
18 and on behalf of all others similarly   **AUDIBLE'S NOTICE OF**
   situated,                              **MOTION AND MOTION TO**
19                                        **STAY CASE AS TO ERIC**
                                          **WEBER; MEMORANDUM OF**
20              Plaintiffs,               **POINTS AND AUTHORITES IN**
                                          **SUPPORT THEREOF**
21       v.
                                          Date:    July 23, 2018
22 AUDIBLE, INC.,                         Time:    8:30 AM
                                          Crtm:    9D
23              Defendant.                Judge:   George H. Wu
                                          TRIAL DATE:  NONE SET
24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 2

BACKGROUND ................................................................................................. 3

ARGUMENT ...................................................................................................... 4

I.   THE COURT SHOULD GRANT A STAY BECAUSE THE APPEAL PRESENTS A SERIOUS LEGAL QUESTION AND HAS A FAIR PROSPECT OF SUCCESS. ........................................... 5

II.   FAILURE TO GRANT A STAY WOULD DEPRIVE AUDIBLE OF THE SPEED AND ECONOMY OF INDIVIDUAL ARBITRATION AND CAUSE IRREPARABLE HARM. ................................................................................................... 8

III.   GRANTING A STAY PENDING APPEAL WOULD NOT PREJUDICE PLAINTIFF. ................................................................ 10

IV.   GRANTING A STAY WOULD SUPPORT THE STRONG POLICY IN FAVOR OF ARBITRATION, SAVE SIGNIFICANT JUDICIAL RESOURCES, AND AVOID THE POTENTIAL FOR CONFLICTING RULINGS. .............................. 11

CONCLUSION .................................................................................................. 12

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

Page(s)

CASES

*Alascom, Inc. v. ITT North Elec. Co.*,
727 F.2d 1419 (9th Cir. 1984) ................................................................ 8

*Am. Int'l Underwriters (Philippines), Inc. v. The Cont'l Ins. Co.*,
843 F.2d 1253 (9th Cir. 1988) .............................................................. 12

*Amisil Holdings Ltd. v. Clarium Capital Management*,
622 F.Supp.2d 825 (N.D. Cal. 2007) ..................................................... 6

*Arnold v. Arnold Corp.–Printed Communications for Business*,
920 F.2d 1269 (6th Cir. 1990) ............................................................... 6

*Blinco v. Green Tree Servicing, LLC*,
366 F.3d 1249 (11th Cir. 2004) ........................................................... 11

*Britton v. Co-op Banking Group*,
916 F.2d 1405 (9th Cir. 1990) ........................................................... 4, 5

*C.B.S. Employees Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp.*,
716 F. Supp. 307 (W.D. Tenn. 1989) ................................................... 7, 9

*Eberle v. Smith*,
No. 07-CV-0120 W(WMC), 2008 WL 238450 (S.D. Cal. Jan. 29, 2008) ......................................................................................................... 11

*In re Verisign, Inc., Derivative Litig.*,
531 F. Supp. 2d 1173 (N.D. Cal. 2007) ................................................. 6

*Jones v. Deutsche Bank AG*,
No. C 04-05357 JW, 2007 WL 1456041 (N.D. Cal. May 17, 2007) ................... 5

*Laster v. T-Mobile USA, Inc.*,
No. 05CV1167 DMS (AJB), 2008 WL 5377635 (S.D. Cal. Nov. 4, 2008) ....................................................................................................... 5, 11

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) .............................................................. 5, 8

*Leyva v. Certified Growers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979) ................................................................ 4

*McVicar v. Goodman Global, Inc.*,
Case No. SACV-13-1223-DOC, 2013 WL 6212149 (C.D. Cal. Nov. 25, 2013) ......................................................................................... 10

*Murphy v. DirecTV, Inc.*,
No. 2:07-06465, 2008 WL 8608808 (C.D. Cal. July 1, 2008) ................ 7, 10, 11

*Nken v. Holder*,
556 U.S. 418 (2009) ............................................................................. 5

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**
**(CONTINUED)**

Page(s)

*Ontiveros v. Zamora,*
 No. CIV. S-08-567 LKK/DAD, 2013 WL 1785891 (E.D. Cal. Apr.
 25, 2013) ................................................................................................. 8, 10

*Rivers v. The Walt Disney Co.,*
 980 F. Supp. 1358 (1997) ............................................................................ 12

*Smith v. Massachusetts Mutual Life Insurance Co.,*
 No. CV09-06765, 2010 WL 11545610 (C.D. Cal. May 25, 2010) ..................... 6

*Steiner v. Apple Computer, Inc.,*
 No. C 07-04486 SBA, 2008 WL 1925197 (N.D. Cal. Apr. 29,
 2008) ............................................................................................... 7, 8, 9, 10

*Stern v. Cingular Wireless Corp., et al.,*
 No. CV-05-8842-CAS, 2006 WL 2790243 (C.D. Cal. Sept. 11,
 2006) ........................................................................................................... 11

*Winig v. Cingular Wireless, LLC,*
 No. C-06-4297 MMC, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) ................ 10

**STATUTES**

Federal Arbitration Act ......................................................................................... 3, 5

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 12(b)(1) ............................................................... 1

Local Rule 7-3 ........................................................................................................ 1

FENWICK & WEST LLP
ATTORNEYS AT LAW

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 23, 2018 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9(D) of the U.S. District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA, 90012, Defendant Audible, Inc. will and hereby does move the Court for an order staying this case as to plaintiff Eric Weber.  Audible brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(1).

This Motion is based on this Notice of Motion and Motion, Defendant's Memorandum of Points and Authorities, all documents in the Court's file, and on such other argument as may be presented to the Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 18, 2018.


Dated:  June 4, 2018                              FENWICK & WEST LLP


                                                  By: /s/ *Jedediah Wakefield*
                                                      Jedediah Wakefield
                                                      Annasara G. Purcell
                                                      Armen Nercessian

                                                  Attorneys for AUDIBLE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**INTRODUCTION**

On April 6, 2018, this Court denied Audible's Motion to Compel Arbitration as to Plaintiff Eric Weber ("Arbitration Motion").  Audible has appealed that ruling to the Ninth Circuit Court of Appeals.  The Ninth Circuit has already set a schedule that calls for briefing to be complete by October 1, 2018, and Audible will pursue the appeal expeditiously.[1]  In the meantime, Audible respectfully moves for a stay of all activity in this Court related to Mr. Weber's claim while Audible seeks appellate review.

The Court should stay the proceedings as to Mr. Weber's claim while the appeal is decided.  Applying the relevant four factor standard, district courts in this Circuit routinely grant stays pending appeal of a denial of a motion to compel arbitration.  *First*, the appeal raises substantial, non-frivolous legal questions and has a fair prospect of success.  The Court's April 6, 2018 Order denied the Arbitration Motion, finding that Mr. Weber's assent to the Amazon COU did not require arbitration of his claim against Audible, despite the fact that his claim is reliant upon a credit card that he provided to Amazon and the use of his Amazon account to sign up and make purchases from Audible.  Under the precedents that directly address analogous circumstances, it is at least a substantial legal question whether Mr. Weber may be compelled to arbitrate his dispute under the terms he agreed to with the company to which he submitted that card, and the parent company of the defendant company.  Because of the *de novo* standard of review that applies, Audible has a substantial possibility of success, and a stay is appropriate.

*Second*, denying a stay would cause Audible irreparable harm.  Litigation in

---

[1] Under the schedule set by the Ninth Circuit on May 4, 2018, Audible's opening appeal brief is due August 13, 2018; Plaintiffs' opposition brief is due September 10, 2018; and any reply brief is due October 1, 2018.

FENWICK & WEST LLP
ATTORNEYS AT LAW

this Court constitutes precisely the harm that the arbitration agreements and the Federal Arbitration Act intended to avoid. Audible would be forced to litigate in the District Court on a putative class basis while pursuing an appeal that raises serious legal questions, in effect depriving them of the right to timely and efficiently arbitrate Mr. Weber's claims on an individual basis, even if the Court of Appeals concludes that arbitration is appropriate. Advantages of arbitration in terms of efficiency or economy would be lost forever, as further delving into pretrial motions and discovery before Audible's appeal is decided would result in an irreparable waste of resources in the event that the Ninth Circuit reverses the Order.

*Third*, in contrast, there is no meaningful harm to Mr. Weber from a stay pending appeal. Although this case was first filed over one year ago, Mr. Weber was only added to the case in December 2017, the case is still at a very early stage, and there is no meaningfully greater risk of a loss of evidence if proceedings in this Court are stayed pending appeal.

*Fourth*, the public policy favoring conservation of judicial resources and encouraging arbitration strongly supports a stay. It would not make sense for proceedings in the district court concerning Mr. Weber to advance while the Ninth Circuit decides whether the claims should be in arbitration in the first place. A stay would avoid both the possibility of conflicting rulings between this Court and the Ninth Circuit, and the substantial investment of further resources by this Court and the parties on class discovery and class certification issues, all of which may be rendered unnecessary if the appeal is successful.

## BACKGROUND

The background is summarized in the Court's Order, Dkt. No. 97 at 1-4. On December 15, 2017, Plaintiffs filed their Second Amended Complaint (SAC), adding Mr. Weber as a party to this action. Dkt. No. 65. On January 22 and February 26, 2018, Audible filed its Arbitration Motion [Dkt. No. 73] and Reply in

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Support of its Arbitration Motion [Dkt. No. 82].  In that motion, Audible argued

2    that because Mr. Weber's only alleged injury is that the credit card he placed on his

3    Amazon account was charged when he used that account to sign up for Audible, his

4    claims "relate to" his use of the Amazon service and therefore fall squarely within

5    his agreement to arbitrate under the Amazon Conditions of Use (COU).

6            The Court held two hearings on the Arbitration Motion on March 12 and

7    April 2, 2018, and issued the Order denying the Arbitration Motion on April 6,

8    2018.  Dkt. No. 97.  In the Order, this Court held that the Amazon COU does not

9    bind Weber to arbitrate claims against Audible, regardless of whether Weber's

10    claims relate to his use of Amazon.  *Id.* at 21.

11            On May 3, 2018, Audible filed its Notice of Appeal.  Dkt. No. 107.  On May

12    4, 2018, the Ninth Circuit issued the following briefing schedule for the Appeal:

13    Opening brief due by August 13, 2018; Answering brief due by September 10,

14    2018; Reply brief due 21 days after service of the Answering brief.  Dkt. No. 109.

15                                    **ARGUMENT**

16            A district court has the inherent power to stay proceedings and may do so

17    within its discretion.  *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th

18    Cir. 1990) (stay pending appeal from denial of motion to compel arbitration is

19    "proper subject for the exercise of discretion by the trial court").  A stay is

20    appropriate when it would serve the interests of judicial economy and efficiency.

21    *See Britton*, 916 F.2d at 1412; *Leyva v. Certified Growers of Cal., Ltd.*, 593 F.2d

22    857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient

23    for its own docket and the fairest course for the parties to enter a stay of an action

24    before it, pending resolution of independent proceedings which bear upon the

25    case.").

26            In determining whether a stay is proper, a district court should consider (1)

27    whether the appeal raises serious legal questions or has a fair prospect of success,

28    (2) whether the applicant will be irreparably injured absent a stay, (3) whether

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   issuance of the stay will substantially injure the other parties interested in the

2   proceeding, and (4) where the public interest lies.  *See Nken v. Holder*, 556 U.S.

3   418, 426 (2009) (articulating traditional stay factors in determining whether courts

4   of appeals considering a petition for review of removal may prevent the order from

5   taking effect while adjudicating the petition); *Leiva-Perez v. Holder*, 640 F.3d 962,

6   966-68 (9th Cir. 2011) (interpreting first *Nken* factor as requiring that the appeal

7   raise serious legal questions or have a reasonable probability or fair prospect of

8   success).

9        Although district courts within the Ninth Circuit, unlike those in the majority

10   of other circuits, hold that they are not *required* to automatically stay proceedings

11   upon the appeal of an order denying a motion to compel arbitration, *see Britton*,

12   916 F.2d at 1411, they routinely do so, as the cases cited below reflect.  This is

13   because the relevant factors almost always favor a stay when an order denying

14   arbitration is being appealed.  This case is no exception.

**I.    THE COURT SHOULD GRANT A STAY BECAUSE THE APPEAL
15       PRESENTS A SERIOUS LEGAL QUESTION AND HAS A FAIR
16       PROSPECT OF SUCCESS.**

17        The appeal here raises substantial, non-frivolous legal questions and has a

18   fair prospect of success, so the first element of the standard alone supports grant of

19   a stay.  *See Britton*, 916 F.2d at 1412 ("The system created by the Federal

20   Arbitration Act allows the district court to evaluate the merits of the movant's

21   claim, and if, for instance, the court finds that the motion presents a substantial

22   question, to stay the proceedings pending an appeal from its refusal to compel

23   arbitration.") (citations omitted); *Laster v. T-Mobile USA, Inc.*, No. 05CV1167

24   DMS (AJB), 2008 WL 5377635 (S.D. Cal. Nov. 4, 2008) (granting stay where

25   question of enforceability of revised class arbitration waiver presented a substantial

26   question and where balance of equities favored a stay without examining remaining

27   *Nken* factors); *Jones v. Deutsche Bank AG*, No. C 04-05357 JW, 2007 WL

28   1456041, at *2 (N.D. Cal. May 17, 2007) (granting a stay pending appeal because

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  whether non-signatories to an arbitration agreement may equitably estop signatories

2  from litigation raised "substantial questions concerning the law of arbitrability and

3  the doctrine of equitable estoppel in the Ninth Circuit").

4      Central to the Arbitration Motion (and to the Court's Order denying it) was

5  whether an Audible customer that used his Amazon account to access Audible, and

6  whose credit card lodged with Amazon was used to pay for his Audible fees, could

7  be held to the arbitration agreement in Amazon's terms when he tried to sue

8  Audible (but not Audible's parent company, Amazon).  Other courts in analogous

9  cases have found that the parent company's arbitration terms applied, on four

10  possible bases: (1) because the customer's interaction with the subsidiary was

11  governed by the parent company's agreement; (2) because the subsidiary is a third

12  party beneficiary of the agreement; (3) because the subsidiary acted as the parent

13  company's agent in executing the terms of the agreement; or (4) because equitable

14  estoppel was appropriate where the subject matter of the dispute was intertwined

15  with the contract providing for arbitration.  *See, e.g.*, *Amisil Holdings Ltd. v.*

16  *Clarium Capital Management*, 622 F.Supp.2d 825, 833 (N.D. Cal. 2007) (quoting

17  *Arnold v. Arnold Corp.–Printed Communications for Business*, 920 F.2d 1269,

18  1281 (6th Cir. 1990) (agency principles govern arbitration agreements "because, if

19  a party could 'avoid the practical consequences of an agreement to arbitrate by

20  naming nonsignatory parties as [defendants] in his complaint, ... the effect of the

21  rule requiring arbitration would, in effect, be nullified'") (alterations in original);

22  *Smith v. Massachusetts Mutual Life Insurance Co.*, No. CV09-06765, 2010 WL

23  11545610 at *7-9 (C.D. Cal. May 25, 2010) (describing case law and justifications

24  for agency and estoppel applications of arbitration provisions, and holding that an

25  arbitration agreement with a parent company was enforceable as to the consumer's

26  litigation against the subsidiary); *In re Verisign, Inc., Derivative Litig.*, 531 F.

27  Supp. 2d 1173, 1224 (N.D. Cal. 2007) (holding that arbitration agreement that

28  covered disputes and claims involving "any entity for whose benefit the services in

1   question are or were provided" had broad scope and retroactive effect).  Under each

2   of these three principles, Mr. Weber should be compelled to arbitrate his dispute

3   with Amazon's processing of his payments, despite the fact that he sued Amazon's

4   subsidiary, Audible.

5         Audible recognizes that this Court ruled that Mr. Weber's arbitration

6   agreement with Amazon did not require Mr. Weber to arbitrate his claim when he

7   asserted it against Amazon's subsidiary, Audible, instead of asserting it against

8   Amazon directly.  But Audible respectfully suggests that reasonable minds may

9   differ on the question of whether a party should be able to dodge a commitment to

10  arbitration by suing a subsidiary, particularly in such a case as this where the

11  services provided by the subsidiary were first initiated through Mr. Weber's

12  Amazon account.

13        To find that the appeal raises a serious legal question, the Court is not

14  required to conclude that the Ninth Circuit will reverse its decision.  *See Murphy v.*

15  *DirecTV, Inc.*, No. 2:07-06465, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008);

16  *see also C.B.S. Employees Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec.*

17  *Corp.*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989) (explaining that the first prong of

18  the test is satisfied when the movant present a "serious legal question" because "it

19  is unlikely a district court would ever be able to find that defendants will be likely

20  to succeed on the merits of their appeal").  Rather, the Court need only find that the

21  question presented here, whether an arbitration clause in a parent company's terms

22  may compel arbitration between its subsidiary and a customer that had agreed to

23  those terms, presents a *substantial question.  See Steiner v. Apple Computer, Inc.*,

24  No. C 07-04486 SBA, 2008 WL 1925197, at*3 (N.D. Cal. Apr. 29, 2008) (AT&T's

25  arbitration motion, which raised the issue of whether its class arbitration waiver was

26  unconscionable or not, was substantial because reasonable persons could disagree

27  on the answer).

28        In addition, the legal issues raised in the appeal are substantial because they

FENWICK & WEST LLP
ATTORNEYS AT LAW

AUDIBLE'S MOTION TO STAY AS TO
ERIC WEBER                                    7              CASE NO. 2:17-CV-01941 GW (EX)

1   address important issues of widespread consumer concern.  *See Steiner*, 2008 WL
2   1925197, at*3 (granting stay because AT&T's appeal regarding the issue of
3   whether its class arbitration waiver was unconscionable involved an important issue
4   of consumer concern).

5          Notably, the applicable standard only requires that the appeal raise serious
6   legal questions *or* have a reasonable prospect of success.  *Leiva-Perez*, 640 F.3d at
7   971.  In addition, to prevail on this factor, Audible does not need to show that
8   success is more likely than not.  *See id.* at 968.  Indeed, one California district court
9   has suggested that an appellant has a fair prospect of success on appeal from an
10  order denying a motion to compel arbitration where there is *some* supporting
11  authority because "[d]enial of a motion to compel arbitration is reviewed de novo."
12  *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK/DAD, 2013 WL 1785891, at *3
13  (E.D. Cal. Apr. 25, 2013).  Here, given that the Arbitration Motion advanced
14  colorable reasons for compelling arbitration and will be reviewed de novo, the first
15  prong of the stay standard is met.

16  **II.    FAILURE TO GRANT A STAY WOULD DEPRIVE AUDIBLE OF**
        **THE SPEED AND ECONOMY OF INDIVIDUAL ARBITRATION**
17      **AND CAUSE IRREPARABLE HARM.**

18          The second prong of the standard asks whether Audible will be irreparably
19  harmed if a stay is not granted.  Absent a stay, litigation of the underlying dispute
20  would continue, and advantages of arbitration in speed and economy will be
21  permanently lost.  As one California federal court explained, "[i]f, in fact,
22  defendant has a right to arbitrate this dispute, it ought to enjoy some benefit of this
23  right.  At this stage of the litigation, for defendant to be forced to proceed to trial,
24  only to afterwards be allowed to arbitrate the dispute, would constitute a hollow
25  victory indeed."  *Ontiveros*, 2013 WL 1785891, at *5.  The Ninth Circuit has
26  recognized this logic.  *See Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419,
27  1422 (9th Cir. 1984) ("[W]here an order grants a stay of arbitration, one party is
28  deprived of the inexpensive and expeditious means by which the parties had agreed

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   to resolve their disputes. If that party must undergo the expense and delay of a trial

2   before being able to appeal, the advantages of arbitration—speed and economy—

3   are lost forever."); *Steiner*, 2008 WL 1925197, at *4-5 (finding that litigation

4   expenses constitute irreparable harm in the context of whether to stay litigation

5   pending appeal of a motion to compel arbitration and holding appellant made a

6   "strong showing" of irreparable harm where appellant would suffer litigation costs).

7   Although the cost of a litigation may not be considered an irreparable harm in other

8   contexts, "this is a unique situation" because "[t]he main purpose for defendants'

9   appeal is to avoid the expense of litigation" and therefore "the time and expense of

10  litigation do constitute irreparable harm in this instance." *C.B.S.*, 716 F. Supp. at

11  310.

12        Here, a finding by the Ninth Circuit that Mr. Weber's assent to the Amazon

13  COU requires arbitration of his claims against Audible would render unwarranted

14  any time and expense incurred litigating the case in the District Court while the

15  appeal was pending.  And, the absence of a stay of district court proceedings would

16  unnecessarily force the parties to engage in simultaneous litigation in the district

17  and appellate courts. *See Steiner*, 2008 WL 1925197, at *4-5 (litigation costs

18  constitute irreparable harm).  It would also require litigation of class issues as to

19  Mr. Weber's claims, which he would otherwise be required to arbitrate only on an

20  individual basis.  Once Audible is put to the burden and cost of participating in

21  what is likely to be burdensome and costly class-focused discovery, there is no way

22  to ameliorate that burden and cost if the Ninth Circuit reverses and enforces Mr.

23  Weber's obligations to arbitrate his dispute.

24        Moreover, because the facts as to Mr. Weber and the claims he brings are

25  unique, Mr. Weber's continued involvement in this case will result in greater

26  burdens in discovery and increases in costs for Audible.  Notably, the court granted

27  Audible's motion to dismiss Mr. McKee's claims concerning charges to

28  unauthorized cards, and McKee's claims as to debit card transactions, because

FENWICK & WEST LLP
ATTORNEYS AT LAW

McKee lacked standing to assert those claims.  (Dkts. 53, 61).  Thus, adding these claims to this case on behalf of Mr. Weber will significantly increase the scope and complexity of this action far beyond the issues that Mr. McKee could otherwise pursue.

Because "there are significant consequences to denying a stay and allowing the case to proceed" pending appeal, the irreparable harm element is met.  *See Ontiveros*, 2013 WL 1785891, at *4.  For this reason, as well, the Court should grant a stay.

### III.   GRANTING A STAY PENDING APPEAL WOULD NOT PREJUDICE PLAINTIFF.

While it is manifest that Audible will suffer irreparable harm if it is required to defend against Mr. Weber's claims before the Ninth Circuit has acted on the appeal, Mr. Weber would suffer no comparable harm if the Court were to stay proceedings pending resolution of the appeal.  A stay has the potential to maximize efficiency and economy for both parties, because if Audible prevails on appeal, the need for further action by this Court as to Mr. Weber (or putative class members he seeks to represent) would be eliminated.  Thus, any costs incurred and time spent by Mr. Weber in continuing litigation in the district court would have been wasted.  *See Steiner*, 2008 WL 1925197, at *4-5.

Moreover, this case is still in its nascent stages as to Mr. Weber's recently added claims.  Granting a stay at this stage of the proceedings would not materially affect any current or pending efforts, and even if the Ninth Circuit does not rule in favor of arbitration, the several-month delay will not give rise to more than de minimis costs.  *See Murphy*, 2008 WL 8608808, at *3; *Winig v. Cingular Wireless, LLC*, No. C-06-4297 MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006); *see also McVicar v. Goodman Global, Inc.*, Case No. SACV-13-1223-DOC, 2013 WL 6212149 (C.D. Cal. Nov. 25, 2013) (granting stay in connection with a motion to consolidate in part because the case was still in its early stages as the court had just

FENWICK & WEST LLP
ATTORNEYS AT LAW

entertained motions to dismiss).  This is particularly true here, as under the Ninth Circuit's current briefing schedule the appeal would be fully briefed by October 1, 2018.

## IV.     GRANTING A STAY WOULD SUPPORT THE STRONG POLICY IN FAVOR OF ARBITRATION, SAVE SIGNIFICANT JUDICIAL RESOURCES, AND AVOID THE POTENTIAL FOR CONFLICTING RULINGS.

The public interest also supports a stay here.  Courts repeatedly have held that "the strong public policy favoring arbitration warrants issuance of a stay pending appeal" of an order denying a motion to compel arbitration.  *Murphy*, 2008 WL 8608808, at *4; *see Eberle v. Smith*, No. 07-CV-0120 W(WMC), 2008 WL 238450, at *4, (S.D. Cal. Jan. 29, 2008) ("It is clear that disputes about whether or not parties must submit to arbitration take place against a backdrop of policies encouraging arbitration and the preservation and integrity of judicial resources. Here, continuing to litigate in this Court during the pendency of the appeal would undermine both policies . . . ."); *Laster*, 2008 WL 5377635, at *3 (a stay "serves the public's interest by promoting the 'strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution'") (internal quotation marks and citations omitted); *Stern v. Cingular Wireless Corp., et al.*, No. CV-05-8842-CAS, 2006 WL 2790243, at *2 (C.D. Cal. Sept. 11, 2006) ("Although the plaintiff class will have to wait longer to have their injuries redressed, a stay will serve the public interest in arbitration as articulated by Congress.").  This fact alone warrants a stay.

In addition, a stay would be in the public interest because it would promote the important policy goals of judicial efficiency and economy.  In particular, a stay would save significant judicial resources and avoid the possibility of conflicting rulings by this Court and the Ninth Circuit.  Congress has recognized that "one of the principal benefits of arbitration [lies in] avoiding the high costs and time involved in judicial dispute resolution." *Blinco v. Green Tree Servicing, LLC*, 366

FENWICK & WEST LLP
ATTORNEYS AT LAW

F.3d 1249, 1251 (11th Cir. 2004).  That benefit is lost if the case proceeds in the district court while the Court of Appeals considers whether an arbitration agreement should be enforced.  *Cf. Am. Int'l Underwriters (Philippines), Inc. v. The Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) (stay warranted to avoid "duplicative efforts and creating a strong possibility of inconsistent results").

A stay also would avoid this Court's having to expend its resources further familiarizing itself with the intricacies of a case that ultimately may be heard in an arbitral forum.  *See Rivers v. The Walt Disney Co.,* 980 F. Supp. at 1360-61 (C.D. Cal. 1997) 61 (fact that efforts by the court in familiarizing itself with the case could be rendered unnecessary favored granting the motion to stay in connection with a motion to consolidate).  And of course, any rulings by this Court while the appeal is pending may be rendered moot if the appeal is successful.  *See id.* at 1361 (factor that court may devote time and energy to rulings that may be for naught favored granting the motion to stay in connection with a motion to consolidate).

In sum, given the strong federal policy favoring arbitration, and the potentially for wasted judicial resources if the stay is not granted, the public interest strongly favors granting a stay pending Audible's appeal.

## CONCLUSION

For all these reasons, the Court should stay proceedings pending the Ninth Circuit's resolution of the appeal of the denial of the Audible's Arbitration Motion.

Dated:  June 4, 2018                         FENWICK & WEST LLP


                                             By: */s/ Jedediah Wakefield*
                                             Jedediah Wakefield
                                             Annasara G. Purcell
                                             Armen Nercessian
                                             Matthew B. Becker

                                             Attorneys for Defendant
                                             AUDIBLE, INC.