

**Jamin S. Soderstrom, Bar No. 261054**
jamin@soderstromlawfirm.com
**SODERSTROM LAW PC**
**3 Park Plaza, Suite 100**
**Irvine, California 92614**
Tel:  (949) 667-4700
Fax:  (949) 424-8091

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| GRANT MCKEE, ERIC WEBER, and MICHAEL ROGAWSKI, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AUDIBLE, INC.,<br><br>　　　　Defendant. | Case No. 2:17-cv-01941 GW (Ex)<br><br>**PLAINTIFF MICHAEL ROGAWSKI'S REQUEST UNDER LOCAL RULE 7-10 TO FILE SURREPLY IN OPPOSITION TO AUDIBLE'S MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS**<br><br>Date:　　　　July 23, 2018<br>Time:　　　　8:30 a.m.<br>Courtroom:　9D<br>Judge:　　　Hon. George H. Wu<br>Trial date:　None set |

1

AUDIBLE'S MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS

Pursuant to Local Rule 7-10, Plaintiff Michael Rogawski respectfully requests leave to file a surreply in opposition to Defendant Audible, Inc.'s motion to compel arbitration and dismiss claims. Dkt. 73 (Audible's motion); Dkt. 97 (tentative ruling). Rogawski's proposed surreply is attached as **Exhibit 1**.

Audible failed to meet its burden to prove it gave Rogawski reasonable notice of its arbitration clause on September 30, 2015 when Rogawski used a credit to "pre-order" an audiobook on Amazon.com's desktop website. *See* Dkt. 97. The Court's tentative ruling indicated it was inclined to grant Audible's motion, but that its inclination was subject to the parties' meet and confer efforts as to what business records Audible's declarant Aniket Gune had relied on to testify that the webpage Rogawski viewed was "the same" as the webpage Plaintiff Seth Beals had viewed. *Id.* Plaintiffs' counsel had indicated a willingness to meet and confer as to evidentiary issues to avoid formal discovery and/or an evidentiary hearing, reserving the right to argue that Audible's evidence was insufficient to prove that no genuine issues of material fact existed as to Rogawski's notice of and agreement to Audible's arbitration clause. *Id.*

Plaintiffs' counsel and Audible's counsel thereafter met and conferred multiple times telephonically and by correspondence as to evidentiary issues. Because Audible did not have any business records that showed the exact version of the "pre-order" webpage Rogawski would have viewed on September 30, 2015, Audible had a new declarant create a new "mock up" of what Audible contends the webpage would have looked like on September 30, 2015. Plaintiffs' counsel agreed to accept Audible's new declaration and related screenshots as Audible's best evidence as to what it contends Rogawski would have seen on September 30, 2015 in order to avoid formal discovery (e.g., depositions of Audible's declarants) or a formal evidentiary hearing on the issue, but Plaintiffs' counsel could not concede that Audible's efforts resolved all remaining *legal* issues as to Rogawski.

Plaintiffs' counsel also indicated to Audible's counsel that Rogawski would include in his supplemental brief a request that the Court address the unconscionability

issues with respect to Rogawski's specific circumstances (e.g., as an existing Audible member with numerous credits he would have been forced to forfeit had he rejected Audible's retroactive arbitration clause). The Court's tentative ruling did not specifically address unconscionability issues and instead cited its prior rulings. Dkt. 97 at 19.

As of the date of this filing, Audible had not responded to Plaintiffs' counsel's supplemental briefing proposal. Plaintiffs' counsel has four depositions scheduled for June 26 and 27, 2018, and will be traveling out-of-state from June 28 through July 10, 2018. In order to have the remaining issues related to Audible's motion to compel arbitration and dismiss claims as to Rogawski addressed promptly, and in order to accommodate his travel schedule, Plaintiffs' counsel could not wait any longer to seek Audible's agreement on a supplemental briefing schedule before filing this request to file surreply.

Rogawski respectfully requests that the Court grant his request to file a surreply in opposition to Audible's motion to compel arbitration and dismiss claims. Dkt. 97. Rogawski does not oppose any request by Audible to file a supplement brief on or before July 16, 2018 responding to Rogawski's surreply and attaching the new evidence it believe the Court should consider with respect to Rogawski's use of a credit to "pre-order" an audiobook on September 30, 2015. Rogawski further requests that the Court address the remaining issues as to Rogawski at the already-scheduled motions hearing in this case on July 23, 2018.

Dated: June 25, 2018                         SODERSTROM LAW PC

                                             By: */s/ Jamin S. Soderstrom*
                                                 Jamin S. Soderstrom
                                             *Counsel for Plaintiffs and the Proposed Class*

3

PLAINTIFF MICHAEL ROGAWSKI'S REQUEST UNDER LOCAL RULE 7-10 TO FILE SURREPLY IN OPPOSITION TO AUDIBLE'S MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on, June 25, 2018, I caused the foregoing document to be served on all counsel of record by the Court's CM/ECF electronic filing system.

By: */s/ Jamin S. Soderstrom*
Jamin S. Soderstrom

4

PLAINTIFF MICHAEL ROGAWSKI'S REQUEST UNDER LOCAL RULE 7-10 TO FILE SURREPLY IN OPPOSITION TO AUDIBLE'S MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS