1  **Jamin S. Soderstrom, Bar No. 261054**
2  **jamin@soderstromlawfirm.com**
   **SODERSTROM LAW PC**
3  **3 Park Plaza, Suite 100**
   **Irvine, California 92614**
4  **Tel:  (949) 667-4700**
5  **Fax:  (949) 424-8091**

6  *Counsel for Plaintiffs and the Proposed Class*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                   **(WESTERN DIVISION – LOS ANGELES)**

11 | **GRANT MCKEE, ERIC WEBER,** | Case Nos.: **CV 17-1941-GW-Ex** &
   | **and MICHAEL ROGAWSKI,** | CV 17-8868-GW-Ex
12 | **individually and on behalf of all** |
13 | **other similarly situated,** | **ORDER GRANTING FINAL**
   | | **APPROVAL OF CLASS**
14 | **Plaintiffs,** | **SETTLEMENT AND ENTERING**
   | | **JUDGMENT**
15 | **v.** |

16 | **AUDIBLE, INC.,** |

17 | **Defendant.** |

18

19 | **ERIC WEBER and BRYAN REES,** | Hearing Date:    August 8, 2019
20 | **individually and on behalf of all** | Time:            8:30 a.m.
   | **other similarly situated,** | Courtroom:       9D
21 | | Judge:           Hon. George H. Wu
   | | Trial date:      None set
22 | **Plaintiffs,** |

23 | **v.** |

24 | **AMAZON.COM, INC. and** |
   | **AMAZON SERVICES LLC,** |
25
26 | **Defendants.** |

27

28

                                1

A Fairness Hearing was originally held before this Court on July 8, 2019 to consider whether the Stipulation of Class Action Settlement and Release ("Settlement") between Plaintiffs Grant McKee, Eric Weber, Michael Rogawski, and Bryan Rees and Defendants Audible, Inc., Amazon.com, Inc., and Amazon Services LLC represents a fair, reasonable, and adequate compromise of these consolidated actions (the "Action") and whether the requirements of certification of a settlement class are met. The Fairness Hearing was continued on August 8, 2019, at which time the Court circulated a tentative decision which the Court, counsel for the Parties, and counsel for one objector discussed on the record. The Court thereafter adopted its written as its final ruling. Dkt. 205.

Consistent with the Court's final ruling, and having considered the evidence submitted and argued by the Parties, and having considered all objections to the Settlement submitted by Settlement Class Members, and

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This order and final judgment ("Final Judgment") incorporates by reference the definitions in the Settlement and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement unless otherwise defined in this Final Judgment.

The Court has jurisdiction over this Action, the Class Representatives, the Settlement Class, and Defendants. Final approval of the Settlement and entry of final judgment and an order of dismissal is hereby **GRANTED**.

The Court finds that:

1.     The Settlement is the product of good faith, serious, arm's-length, and non-collusive negotiations by the Parties, each of whom was represented by experienced counsel.

2.     The requirements of Federal Rule of Civil Procedure 23(a) are satisfied for purposes of settlement:

        a.     The class is sufficiently numerous.

b.      There are common questions of law and fact among the class.

c.      The Plaintiffs' claims are typical of class members' claims.

d.      The Plaintiffs have fairly and adequately represented the class and Class Counsel has demonstrated diligence and competence during the Action and has fairly and adequately represented the class.

3.      The requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied for purposes of settlement because common factual and legal questions predominate over individual questions and the class action procedure is a superior method of adjudicating the controversy.

4.      The Court hereby certifies a Settlement Class in the Action consisting of all individuals who fit within one or more of the following definitions and who did not submit a valid opt out:

> **Regular Member Class:**      "all individual consumers of Audible in the United States who, between March 10, 2013 and August 17, 2018, lost any unredeemed Paid Membership Credits."

> **Gift Member Class:**      "all individual consumers of Audible in the United States who, between August 11, 2011 and August 17, 2018, purchased or redeemed an Audible Gift Membership that resulted in one or more unredeemed Audible gift membership credits being lost."

> **Payment Card Class:**      "all individual consumers of Audible in the United States who, between March 10, 2013 and August 17, 2018, incurred charges from Audible to a credit or debit card other than the card originally designated as the primary payment card for the customer's Audible membership."

Upon entry of this Final Judgment, all Settlement Class Members will be bound by this Final Judgment. The 47 persons[1] who submitted valid opt outs are identified in the

---

[1] During the July 8, 2019 Fairness Hearing, the counsel for Defendants indicated that one additional written opt out was received by the administrator and, with no objection from Plaintiffs, the Court approved Defendants' proposal to treat the opt out as valid.

Court's records, with their names and contact information being kept in Defendants' business records, will not be bound by this Final Judgment.

5. In accordance with Sections 41 and 43 of the Settlement, upon entry of this Final Judgment all Settlement Class Members will be deemed to have "fully, finally, and forever released, relinquished, and discharged each of the Released Parties from any and all claims, known or unknown, alleged or asserted in the Lawsuits or that could have been alleged or asserted related to the advertisement, purchase, receipt, charges for, or loss of an Audible membership, Audible gift membership, Audible credits or other Audible membership benefits, or the use of an alternative payment method in connection with Audible services through August 17, 2018."

6. The requirements of Federal Rule of Civil Procedure 23(e)(1) are satisfied because the Parties provided the class with the best practicable form of notice under the circumstances and provided individual notice to all members who could be identified through reasonable effort. Over 99% of the class received individualized email notice out of a class of over 8.6 million consumers.

7. The requirements of Federal Rule of Civil Procedure 23(e)(2) are satisfied because the Plaintiffs and Class Counsel have adequately represented the class; the proposed settlement was negotiated at arm's length; the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of distributing relief to the class, the terms of the proposed maximum award of attorneys' fees, and the equitable nature of relief relative to each Class Member; and there are no other agreements connected to the Settlement.

8. During the 45-day notice period, 18 timely objections and one late objection were submitted from a class of over 8.6 million consumers. The Court has considered each objection, including the late objection, and each objection is expressly **OVERRULED** except to the extent the objection specifically addressed attorneys' fees. Consistent with the Court's written decision, Dkt. 205, the Court will consider Plaintiffs' request for attorneys' fees and costs separately from its consideration of final approval

of the Settlement and of incentive awards for the Plaintiffs, both of which were addressed in the Court's written decision.

9.    Notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), was timely served and the schedule of proceedings complied with CAFA notice requirements.

10.    Plaintiffs' requests for service awards in the amounts of $5,000 each are **GRANTED.** The Court finds that such amounts are reasonable under the circumstances and are in exchange for the Plaintiffs' service to the class and for the broader release that Plaintiffs are giving to Defendants.

11.    Plaintiffs' request for an award of attorneys' fees (inclusive of costs) in the amount of $1.5 million will be the subject of additional briefing, a future hearing, and a separate ruling. The Court observes that the Section 25 of the Settlement states that "approval of Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses will be considered separately by the Court from its consideration of the overall fairness and adequacy of this Settlement Agreement, and it is the Parties' intention that any order with respect to this separate motion will not affect or delay the approval of the Settlement Agreement, provided, however, that in no event will Defendants be required to pay attorneys' fees, costs, and expenses totaling more than $1.5 million in the aggregate." *See* Dkt. 197-1. According to the Settlement itself, the Court's final approval of the Settlement need not delay or be contingent upon the Court's decision with respect to Plaintiffs' request for attorneys' fees and costs.

12.    The Parties are hereby **ORDERED** to consummate and perform the terms of the Settlement.

The Action is hereby **DISMISSED WITH PREJUDICE** and without costs to any party except as provided for in the Settlement and in this Final Judgment. Pursuant to Federal Rule of Civil Procedure 23, the Settlement will be enforceable by the Court. The Court will have and retain continuing jurisdiction over the Action and over all Parties and Class Members to the fullest extent necessary or convenient to enforce and effectuate

the terms and intent of the Settlement and all matters provided for in it and to interpret it.

The Parties having so agreed, good cause appearing, and there being no just reason for delay, the Court directs that this Final Judgment and order of dismissal with prejudice be and hereby is entered as a final and appealable order.

**IT IS SO ORDERED.**

Dated: August 14, 2019

_____

Honorable George H. Wu

United States District Judge

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND ENTERING JUDGMENT**