1 **Jamin S. Soderstrom, Bar No. 261054**
  jamin@soderstromlawfirm.com
2 **SODERSTROM LAW PC**
3 **3 Park Plaza, Suite 100**
  **Irvine, California 92614**
4 Tel:   (949) 667-4700
5 Fax:   (949) 424-8091

6 *Counsel for Plaintiffs and the Proposed Class*

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| **GRANT MCKEE, ERIC WEBER, and MICHAEL ROGAWSKI,** individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**AUDIBLE, INC.,**<br><br>Defendant. | Case Nos.: 2:17-cv-01941 GW (Ex) &<br>2:17-cv-08868 GW (Ex)<br><br>**ORDER GRANTING ATTORNEYS' FEES AND INCENTIVE AWARDS** |
| **ERIC WEBER and BRYAN REES,** individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**AMAZON.COM, INC. and AMAZON SERVICES LLC,**<br><br>Defendants. | Hearing Date:  September 16, 2019<br>Time:          8:30 a.m.<br>Courtroom:     9D<br>Judge:         Hon. George H. Wu<br>Trial date:    None set |

1

**ORDER GRANTING ATTORNEYS' FEES AND INCENTIVE AWARDS**

After hearings on July 8, 2019 and August 8, 2019, both of which addressed the fairness, reasonableness, and adequacy of the terms of the parties' Settlement and the propriety of class certification for purposes of settlement, the Court issued a final ruling granting Plaintiffs' unopposed motion for final approval of class action settlement. Dkt. 205. The Court thereafter finally approved and entered final judgment on the Settlement. Dkt. 207. The Court's order and judgment concerning the Settlement expressly reserved the issue of attorneys' fees for further consideration after additional briefing and another hearing. Dkt. 205 at 16; Dkt. 207 at 5. This Order does not change or affect the Court's ruling or judgment on the Settlement, which was entered and became final on August 16, 2019. Dkt. 207.

On August 23, 2019, Plaintiffs submitted a supplemental brief concerning the request for attorneys' fees and, specifically, whether the in-kind relief aspect of the Settlement constituted a "coupon settlement" for purposes of 28 U.S.C. § 1712. Dkt. 205 at 16; Dkt. 208. The Court also invited Defendants and any interested objectors to submit briefing. No additional briefing was submitted. The Court circulated a tentative ruling concerning attorneys' fees at a September 16, 2019 hearing. At the end of the hearing, the Court adopted the tentative ruling as its final decision concerning attorneys' fees, expenses, and incentive awards. Dkt. 209.

Consistent with the Court's final ruling on the issues of attorneys' fees, expenses, and incentive awards, Dkt. 209, and having considered all of the evidence submitted and argued by the Parties and all objections related to attorneys' fees, expenses, and incentive awards submitted by Settlement Class Members, and

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

This order concerning attorneys' fees, expenses, and incentive awards ("Fee Order") incorporates by reference the definitions in the Settlement. All capitalized terms used in this Fee Order will have the same meanings as set forth in the Settlement unless otherwise defined in this Fee Order.

Consistent with its written ruling, Dkt. 209, the Court finds as follows:

1. The Settlement authorizes Plaintiffs to seek and award of up to $1.5 million in attorneys' fees, inclusive of costs and expenses. Plaintiffs have sought a $1.5 million award.

2. The Settlement is not a "coupon settlement" under 28 U.S.C. § 1712. The Settlement provides for three types of relief: injunctive relief, reimbursement relief, and in-kind relief. None of the relief provided by the Settlement—and, specifically, the in-kind relief that provides free audiobook selections to eligible Settlement Class Members—is within the class of relief that constitutes "coupon" relief and that requires application of 28 U.S.C. § 1712.

3. The Court is permitted to use a lodestar method or a percentage-of-the-fund method for calculating attorneys' fees. The Court has selected the lodestar method for calculating and awarding attorneys' fees in these circumstances.

4. Class Counsel has submitted sworn declarations and supporting documentation concerning the regular hourly rates and number of hours worked in connection with this litigation. The Court has reviewed the declarations and documentation and considers Class Counsel's rates and hours to be reasonable, accurate, and appropriate. Class Counsel has also submitted documentation showing $18,434.03 in costs and expenses have been incurred in pursuing this litigation. The Court has reviewed the documentation and considers Class Counsel's costs and expenses to be reasonable and reimbursable.

5. Based on Class Counsel's lodestar, a 1.48 multiplier is required to equal Plaintiffs' requested $1.5 million fee award (inclusive of costs). Based on the benefits of the Settlement to the class and Class Counsel's diligent representation of the class for more than two years, the Court considers the requested multiplier to be reasonable and appropriate.

6. The Settlement also authorizes Plaintiffs to seek up to $5,000 each as incentive awards and in exchange for the broader release being given by Plaintiffs.

Plaintiffs have each requested a $5,000 incentive award. The Court considers the requested incentive awards to be reasonable and appropriate.

7. All objections submitted by Settlement Class Members related to attorneys' fees, expenses, and/or incentive awards are hereby overruled in full. Additionally, the objections submitted by Objector Mary Zayani (Dkt. 199-3) are overruled on the merits and for the additional reason that Ms. Zayani and her counsel failed to comply with the express requirements of the Class Notice, thereby rendering her objections invalid. *See* Dkt. 208 at 20; Dkt. 208-1 at 2-3.

The Parties are hereby **ORDERED** to consummate and perform the remaining terms of the Settlement related to attorneys' fees, expenses, and incentive awards. Specifically, the Court grants Plaintiffs' motion for attorneys' fees, expenses, and incentive awards in full and orders Defendants to pay Class Counsel $1.5 million in attorneys' fees (inclusive of costs) and to pay each named Plaintiff $5,000 as an incentive award, each pursuant to the terms of the Settlement. No other fees or costs shall be awarded to Plaintiffs or their counsel.

Nothing in this Fee Order modifies or affects the Final Judgment entered by the Court concerning the other terms of the Settlement and certification of this action for purposes of settlement. Dkt. 207. The Court will have and retain continuing jurisdiction over the Action and over all Parties and Class Members to the fullest extent necessary or convenient to enforce and effectuate the terms and intent of the Settlement and Fee Order.

The Parties having so agreed, good cause appearing, and there being no just reason for delay, the Court directs that this Order be and hereby is entered as final.

**IT IS SO ORDERED.**

Dated: September 20, 2019

_____
Honorable George H. Wu
United States District Judge